H. C. WALL and T. C. LEAK, Executors, and others v. JAS. A. COV-INGTON Administrator and ANN C. LEAK Executrix

*Practice -- Taxation of Costs -- Fees of Referees.*

No part of the costs of an action can be taxed against the party recovering judgment.

*Therefore,* when the plaintiffs recovered judgment in the Court below and it was ordered that an allowance be made to the Clerk for stating an account, one half to be paid by the plaintiffs and the other half by the defendants ; *Held,* to be error.

CIVIL ACTION, on an Administrator's Bond, tried at Fall Term, 1876, of RICHMOND Superior Court, before *Furches, J.*

The facts are substantially as follows : One John P. Covington died in Richmond County in 1857, leaving the plaintiffs Virginia Covington, (now Stewart,) H. B. Covington and John P. Covington (a minor) his heirs at law and distributees.  Soon after his death, the defendant James A. Covington was appointed and qualified as his administrator and executed a bond with one John W. Leak (testator of the other defendant) as surety.

This suit was brought on said bond by Wall and Leak Executors of one Mial Wall, (who was the former guardian of the children of said John P. Covington deceased) and the other plaintiffs above named.

An order was made in the case, directing D. Stewart the Clerk of said Court to state an account, which was subsequently returned and confirmed and judgment entered accordingly in favor of the plaintiffs.  It was further ordered that said Clerk be allowed $250 for stating said account, one half to be paid by defendants and the other half by plaintiffs.  The plaintiffs insisted that they were not chargeable with any part of the costs, and that said allowance should therefore be taxed against defendants.  His Honor ruled otherwise and the plaintiffs appealed.

*Mr. John D. Shaw*, for plaintiffs.
*Mr. John N. Staples*, for defendants.

BYNUM, J.  Upon the trial of the case, judgment was entered in favor of the plaintiffs and against the defendants for the debt and the costs of the action.  It was further ordered by the Court, that D. Stewart, the Clerk, be allowed $250 for taking and stating the account, one half to be paid by the defendants and the other half by the plaintiffs.

There is error.  The Clerk, as Clerk, is entitled to no fees or allowance for taking and stating an account by order of

the Court.  Bat. Rev. ch. 105, § 23.  If the account was taken by him as *referee*, under C. C. P. § 245, as we think it was, then the fees therefor are fixed and determined by C. C. P. § 285.  They then become a part of the costs, and are to be inserted in the judgment.  C. C. P. § 283. The party prevailing in the action is entitled, as a matter of law, to recover full costs of the other party, unless in cases otherwise provided for.

This case does not fall within any of the statutory exceptions, but is governed by the provisions of C. C. P. § 287, and further explained and confirmed by C. C. P. §§ 276, 277 and 343. (*v.*)

The plaintiffs, therefore, having recovered judgment, no part of the costs can be taxed against them, but they are to be taxed against the defendants and include the fees of referees.

Error.

PER CURIAM.                           Judgment reversed.