## STATE v. WILLIAM ROBERTS.

*Witness, examination of—Impeaching Testimony—Collateral matter.*

1. If a witness make statements in the course of his evidence and as a part thereof as to any fact constituting the subject matter under investigation, he may be impeached by proof of statements to the contrary.
2. Statements elicited on cross-examination collateral to the issue are conclusive, and the witness cannot be contradicted by proof of statements inconsistent therewith, unless they tend to show the temper, disposition or conduct of the witness in relation to the cause or parties.

(*State* v. *Patterson,* 2 Ire., 346, cited and approved.)

INDICTMENT for a Misdemeanor under Bat. Rev., ch. 32, § 95, tried at Spring Term, 1879, of BUNCOMBE Superior Court, before *Gudger, J.*

The bill charged that the defendants, William Roberts, James Dixon and others did wilfully and unlawfully abuse and kill one hog, the property of M. M. Harper, in an enclosure not surrounded by a lawful fence, &c. The facts constituting the grounds of the exception taken in the court below appear in the opinion. Verdict of guilty as to William Roberts, judgment, appeal by defendant.

*Attorney General,* for the State.
*Mr. J. M. Gudger,* for the defendant.

DILLARD, J. On the trial, Harper was put on the stand as

a witness for the state, and the defendant in his cross-examination asked him if he had not said to one Erwin Wells, " that rather than be outdone by a negro, he would swear any amount of lies;" and also, if he had not admitted on a trial before one Robinson, a justice of the peace, that he had declared " he would have all the corn cut down on Sandy Marsh creek (on which creek he and the defendant resided) and would poison all the stock on said creek."

To these questions the witness made answer denying the making of such statements, and thereupon the defendant introduced a witness and proposed to contradict said Harper by him as to the said declarations, but on objection His Honor excluded the testimony, to which defendant excepted.

The appeal presents the question as to the correctness of His Honor's ruling in rejecting the proposed evidence, and the solution of the question is to be made in connection with the admission of the defendant in the case of appeal, that the alleged false statements of Harper were not made in reference to this indictment, nor the matters involved in the same, nor in reference to defendants.

The general rule is, that when a witness makes statements in the course of his evidence, and as a part thereof, as to any fact or facts constituting the subject matter under investigation, he may be impeached by proof of statements or representations to the contrary ; but as regards statements of a witness drawn out on cross-examination collateral to the investigation, the same are to be taken as conclusive, and it is not admissible to contradict him by showing declarations or statements inconsistent therewith; with an exception, however, that disparaging evidence of inconsistent statements in matters collateral may be received, where it tends to show the temper, disposition or conduct of the witness in relation to the cause or parties. *State* v. *Patterson,,* 2 Ire., 346.

The statements of the witness proposed to be proved on the trial in contradiction of his denial of his having made

STATE *v.* SCOTT.

such, were in fact purely collateral to the subject matter under examination, and they were admitted by the defendant to have no reference to this indictment or any matter involved therein, or to any party to the same. The evidence was properly excluded unless the proposed declarations of the witness on other occasions should be receivable as showing his feelings or conduct towards the indictment or the defendants therein.

The statements proposed to be proved, referring altogether as admitted by defendant to some other transaction and persons than those included in the present indictment, might tend to show the temper, disposition or conduct of the witness as to the matter and parties in such statements referred to; but how is it possible they can show anything of the witness' bias or feelings with respect to this bill of indictment and the parties to it, when the defendant admits, according to the recitals in the case of appeal, that the same have no reference thereto? We cannot see how the statements proposed to be proved could have had any possible influence on the issue being tried, or how the admission thereof can be claimed under any rule of evidence known to the law. There is no error. Let this be certified, &c.

PER CURIAM.                                    No error.

---

*State* v. *Scott,* from Jones.—No error being assigned or appearing in the record, the judgment below was affirmed.