R. W. WHARTON, Adm'r, v. W. A. GATTIS and others.

*Reference—Costs—Discretionary Power.*

1. Where a reference was made upon demand of one of several defendants in his answer, the admission of the allegations in the complaint by another of the defendants will not relieve the latter from paying his proportionate part of the costs of the reference.

2. The court intimate that the mode of apportionment of costs among persons all liable, is a matter of discretion in the judge below.

(*Wall* v. *Covington,* 76 N. C., 150, cited and approved.)

CIVIL ACTION, tried upon exceptions to a referee's report, at Fall Term, 1884, of WAKE Superior Court, before *Gudger, J.*

The demand in the answer of one of the defendants was for a reference, &c., and the order for the same was made on motion of the plaintiff's counsel. The defendants appealed from the judgment rendered in the court below.

No counsel for plaintiff.

*Messrs. Gatling & Whitaker* and *Armistead Jones,* for defendants.

SMITH, C. J. The defendant Bledsoe being indebted to the plaintiff's intestate, David M. Carter, in a large sum, evidenced by notes under seal, with his wife, executed a deed of mortgage to the intestate, conveying the various

tracts of land mentioned and described in the complaint for the security and payment of said notes. Subsequently the said Bledsoe sold a part of said lands to his co-defendants, W. A. Gattis, J. A. Jones and D. J. Ellis, (associated in business under the partnership name of Gattis, Jones & Ellis) taking their notes for the unpaid purchase money, and a reconveyance by deed of mortgage of the same part of said land to said Bledsoe for their security.

The notes of Gattis, Jones & Ellis were afterwards assigned by said Bledsoe to the intestate as a further collateral security for his own indebtedness.

Numerous payments have been made upon said indebtedness, which are set out in the complaint and admitted in the answer of Gattis, Jones & Ellis, while the answer of Bledsoe and wife insists upon a larger amount of credits than those enumerated in the complaint which ought to be applied to his indebtedness, and also asserts that more is due upon the collateral securities which should go in further reduction. He (Bledsoe) then demands an inquiry, and, as a means of ascertaining what is due from the said Gattis, Jones & Ellis, and from himself to the intestate's estate, that a reference be ordered.

The referee has reported the sums due upon these separate classes of securities, after, it would seem, much and complicated labor and computation in adjusting the numerous payments to the many notes due, and ascertaining the relations and liabilities of the defendants, as measured by the computation allowed without objection as to its amount.

The reference was made at the instance of the plaintiffs, and the costs thereof were properly adjudged against the defendants, and the appeal is from so much thereof as apportions this sum in equal parts between the defendant Bledsoe and the defendants Gattis, Jones & Ellis, the latter insisting that they should be taxed with no part of the

amount, inasmuch as they admit the allegations of the complaint, and, as to them, no inquiry by reference was necessary.

It is quite obvious that the services of the referee were advantageous to all the defendants, if indeed not indispensable to a proper understanding and adjudication of the case; and we see no reason why the results in the particular mentioned should control in the disposal of this item of costs. The plaintiff incurred them as necessary in arriving at the resultant indebtedness of all the defendants to the intestate's estate, and this burden should be borne by them as much as the other costs. *Wall* v. *Covington*, 76 N. C., 150. If the mode of apportionment was open to review by appeal, and not a matter of discretion in the judge, as we are disposed to think the apportionment among persons all liable is, in the absence of any express legislative declaration on the subject, we should not feel at liberty to revise and modify the order made, as in our opinion it is just and proper.

There is no error, and this will be certified to the superior court of Wake.

No error.                           Affirmed.