### 6374.  LYNCH v. SOUTHERN EXPRESS COMPANY.

WADE, C. J.  1.  Under the act creating the municipal court of Atlanta (Acts of 1913, p. 145), even as the law stood before the passage of the amendment of 1916 (Acts of 1916, p. 199), the judges of the Fulton county section of that court were empowered to grant nonsuits and direct verdicts in the same manner as judges of the superior courts. *Lynch* v. *Southern Express Co.,* 146 *Ga.* (90 S. E. 527).

2.  The action against the express company was based on an interstate shipment; and, under the ruling in M., K. & T. Ry. Co. v. Harriman, 227 U. S. 657, 673 (33 Sup. Ct. 397, 57 L. ed. 690), it is not unreasonable to limit the time within which claims for failure to make delivery should be filed. The validity of such a stipulation in a contract relating to an interstate shipment is a Federal question, and must be determined under the rules adopted by the Federal courts. M., K. & T. Ry. Co. v. Harriman, supra.

3. A receipt issued by an express company for an interstate shipment, setting out the precise terms under which the carrier undertakes to transport the goods, constitutes, when accepted by the consignor, a contract between the parties, and the consignor will be bound by the reasonable stipulations therein. See Adams Express Co. *v.* Croninger, 226 U. S. 491 (33 Sup. Ct. 148, 57 L. ed. 314, 44 L. R. A. (N. S.) 257).

4. There was no conduct on the part of the carrier's agent that amounted to a waiver by the carrier of the express terms of the contract of shipment. The shipper was not induced to delay action or to act to his hurt by a refusal of the carrier to pay, which was based. on a different ground from that finally urged to defeat his claim for damages. The pleadings and the evidence demanded a verdict in favor of the defendant, and the appellate division of the municipal court did not err in overruling the motion for a new trial.        *Judgment affirmed.*

Decided November 16, 1916.

Action for damages; from municipal court of Atlanta. December 21, 1914.

Lynch sued the Southern Express Company for damage to a motorcycle shipped from Atlanta, Georgia, to Middleton, Ohio. The defendant denied the allegations as to damage, and pleaded that the action was barred by the terms of the contract of shipment, the suit not having been filed in the time stipulated in the contract. The express company received the motorcycle on October 10, 1912, and issued to the plaintiff a receipt for it, containing a stipulation that the company should not "be liable in any suit to recover for the loss, damage, or detention of this shipment unless the same be commenced within one year thereafter." In February, 1913, the defendant's agent at Atlanta received the plaintiff's claim for damages, and replied, saying the matter "shall have immediate attention, and you will be advised at an early date;" and on July 18, 1913, the defendant's agent wrote to the plaintiff that it had been established that the damage to the machine "was not done by rough handling, but was done while the machine was in motion," and that when forwarded it was in a damaged condition, and said: "Under the circumstances we do not feel that we owe you any part of the amount claimed, and respectfully decline to entertain same further." On June 30, 1914, the plaintiff filed a suit against the express company, which was dismissed for want of prosecution, and of which the present suit is a renewal. On the trial of the case, in the Fulton county section of the municipal court of Atlanta, the judge directed a verdict for the defendant; an oral motion for a new trial was overruled, and on

appeal the appellate division of the municipal court affirmed the judgment. The case came to the Court of Appeals, and questions as to the power of the judge of the municipal court to direct a verdict were certified by the Court of Appeals to the Supreme Court, which thereupon ruled that in proper cases in the Fulton county section of the municipal court, a judge may direct a verdict.

*Neufville & Neufville,* for plaintiff.

*Robert C. & Philip H. Alston,* for defendant.

*Judgment affirmed.*