### 7741.  CHEROKEE SAWMILL COMPANY v. NASHVILLE, CHATTANOOGA AND ST. LOUIS RAILWAY.

BROYLES, P. J.  1.  A stipulation in a bill of lading issued by a common carrier, that the carrier can not be held liable for any injuries inflicted upon live stock transported by it, unless suit therefor is brought within six months after the right of action accrues, is not unreasonable, and is valid and binding.  Missouri, Kansas & Texas R. Co. v. Harriman, 227 U. S. 657, 673 (33 Sup. Ct. 397, 57 L. ed. 690, 698); *Maxwell* v. *Liverpool Ins. Co.*, 12 *Ga. App.* 127 (76 S. E. 1036).

2.  Such a stipulation as is mentioned above takes the place of the statute of limitations and is governed by the same rules; and where fraud is relied upon to prevent the bar of the statute or the superseding stipulation from attaching, it must be such fraud as involves moral turpitude.  *Austin* v. *Raiford*, 68 *Ga.* 201; *Maxwell* v. *Walsh*, 117 *Ga.* 467,

471 (43 S. E. 704). In the instant case no such fraud was alleged in the plaintiff's petition, nor were any facts therein shown which disclosed actual fraud of any kind.

3. Under these rulings the court did not err in dismissing the plaintiff's petition on general demurrer.

<i>Judgment affirmed. Jenkins and Bloodworth, JJ., concur.</i>

DECIDED MARCH 15, 1917.

Action for damages; from city court of Floyd county—Judge Nunnally. July 19, 1916.

*Roscoe Luke, Eubanks & Mebane,* for plaintiff. *Tye, Peeples & Tye, Dean & Dean, L. H. Covington,* for defendant.