### 7746.  SOUTHERN EXPRESS COMPANY v. OLIVER.

JENKINS, J.  1.  Where an action against an express company was based on an interstate shipment, the validity of the stipulation embraced in the receipt issued by the company, limiting to a period of one year the time within which action might be brought for loss, damage, or detention of the shipment, must be determined under the rulings made by the Federal courts.  Under such rulings, the consignor is bound by such reasonable stipulations.  *Lynch* v. *Southern Express Co.*, 18 *Ga. App.* 761 (90 S. E. 655); Adams Express Co. v. Croninger, 226 U. S. 491 (33 Sup. Ct. 148, 57 L. ed. 314, 44 L. R. A. (N. S.) 257).  See also *Central of Ga. Ry. Co.* v. *Yesbik,* 146 *Ga.* 769 (92 S. E. 527), in which the case of *Adams Express Co.* v. *Mellichamp*, 138 *Ga.* 442 (75 S. E. 596, Ann. Cas. 1913D, 976), is referred to.

2.  In order to prevent the provisions of such a contractual limitation from attaching, where such a suit is not brought within the period designated by the agreement, such actual fraud on the part of the company must be shown as would relieve the shipper from a compliance with such requirement; and the mere fact that the company neither paid nor declined payment of the claim, when properly made, within such period of limitation, would not of itself suffice to do so.  *Cherokee Sawmill Co.* v. *Nashville, C. & St. L. Ry.*, 19 *Ga. App.* 475 (91 S. E. 790).

*Judgment reversed.  Broyles, P. J., and Bloodworth, J., concur.*
DECIDED JULY 5, 1917.

Certiorari; from Grady superior court—Judge Cox.  July 3, 1916.

*W. J. Willie, Robert C. & Philip H. Alston,* for plaintiff in error.  *L. W. Rigsby,* contra.