11978. GOLDEN LIVE STOCK COMPANY *v.* HINES director-general.

JENKINS, P. J. One of the stipulations contained in the contract of shipment is that the carrier can not be held liable for any injury inflicted upon live-stock transported, unless suit therefor be brought within six months after the right of action has accrued. The record fails to disclose any act or conduct on the part of the carrier which would obviate the necessity of a compliance by the shipper with this provision of the contract. *Cherokee Sawmill Co.* v. *Nashville &c. Ry.,* 19 *Ga. App.* 475 (91 S. E. 790); *Southern Express Co.* v. *Oliver,* 20 *Ga. App.* 467 (93 S. E. 109).

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED MAY 2, 1921.

Action for damages; from city court of Tifton — Judge Price. November 10, 1920.

Application for certiorari was denied by the Supreme Court.

The exceptions are to the dismissal of the plaintiff's petition, on general demurrer. The action was for damages on account of injuries to live stock in transportation by the defendant carrier between points in this State in December, 1918. The petition was filed in February, 1920. By amendment, after the defendant had filed a plea setting up the stipulation mentioned in the decision, the plaintiff alleged: " That part of said contract of affreightment which limits the right to bring action for damages under said contract to six months has been waived by the defendant, for the reason that they invited this plaintiff to file with it a claim for said damages, taking into their possession the bill of lading, expense bill, and all the other necessary papers to constitute said claim, promising to make investigation, and if found to be liable would pay the same. . . They kept said claim under the pretext of investigating their liability until about three months ago, when they notified this plaintiff that they were not responsible and would not pay the claim, and have not as yet returned the claim papers. Plaintiff says that on account of said conduct of defendant as above set forth the defendant is estopped from claiming any right under the statute of limitation clause in said contract of affreightment." The judgment dismissing the petition says: " On the call of the case the defendant submitted orally a general demurrer to the petition as amended, on the ground that the waivers charged are invalid, contrary to law, and the petition as amend-

ed shows no cause of action. The said demurrer is hereby sustained," etc.

*Ridgdill & Mitchell,* for plaintiff.

*J. H. Merrill, R. D. Smith, H. S. Murray, W. B. Bennet,* for defendant.