SKYLAND HOSIERY COMPANY v. AMERICAN RAILWAY EXPRESS COMPANY.

(Filed 5 December, 1923.)

1. **Appeal and Error—Objections and Exceptions—Evidence—Questions and Answers.**

   An exception to the refusal to admit in evidence an unanswered question will not be considered on appeal unless the materiality and relevancy of the proposed evidence is made to appear in the record.

2. **Carriers—Express—Receipts—Bills of Lading—Stipulations—Actions.**

   Where there is a provision in an express receipt excluding liability in an action to recover from the express company for loss, damage or detention of the shipment unless commenced within one year thereafter, the company will not be deemed to have waived its right thereunder, when the claimant has delayed commencing his action and has ceased his negotiations for a settlement for about fourteen months, merely upon the request of the defendant for time for it to make an investigation, without promise of settlement, or request on its part that the action should not be brought.

**3. Same—Contracts—Limitation of Actions.**

A stipulation in an express receipt or bill of lading against liability
for loss, damage, etc., to a shipment unless the action is commenced in
a year thereafter, is a reasonable agreement resting upon the contract
of the parties, and is not a statute of limitations.

PLAINTIFF appealed from an order of *McElroy, J.,* dismissing the
action at June Term, 1923, of HENDERSON.

*Arledge & Arledge for plaintiff.*
*Michael Schenck for defendant.*

ADAMS, J. Upon the former appeal the Court awarded a new trial
for error committed in placing the burden of proof on the defendant.
For a statement of facts, reference is made to the case as reported in
184 N. C., 478. The defendant was afterwards permitted to amend its
answer by alleging that under the contract of shipment the defendant
was not to be liable for loss unless a written claim therefor was pre-
sented by the plaintiff within 90 days, and unless suit for recovery was
commenced within one year after such loss, and that the plaintiff had
not complied with either of these provisions. The plaintiff replied,
admitting noncompliance and alleging the defendant's waiver.

At the close of the evidence his Honor dismissed the action as in
case of nonsuit, and the plaintiff appealed.

The first exception was abandoned. The second was taken to the
exclusion of an answer to the question whether a witness for the plain-
tiff knew the custom of the defendant with regard to its prompt settle-
ment of claims. The record does not show whether the witness knew
there was such a custom or, if there was, what his answer to the ques-
tion would have been. The exception, therefore, cannot be sustained.
*In re Will of Edens,* 182 N. C., 398; *Snyder v. Asheboro, ib.,* 708.

The shipment was made on 19 September, 1919, and on the next day
the loss was discovered. The summons was issued on 8 February, 1921;
and the principal controversy between the parties turns on the defend-
ant's contention that under the terms of the contract the plaintiff was
limited to twelve months from the loss within which to bring its suit.
The clause on which the defendant chiefly relies is this: "Nor shall the
company be liable in any suit to recover for the loss, damage or deten-
tion of this shipment unless the same be commenced within one year
thereafter."

Contractual provisions limiting the time within which suit shall be
brought have been upheld in receipts or bills of lading in both inter-
state and intrastate commerce and in other contracts. *Rogers v. R. R.,*
*ante,* 86; *Jones v. Winstead, ante,* 536; *Dixon v. Davis,* 184 N. C.,

207; *Thigpen v. R. R.,* 184 N. C., 33; *Beard v. Sovereign Lodge,* 184 N. C., 154. In the case last cited it is said that a provision of this character is not a statute of limitation but a contract which imposes a restriction upon the right of action by definitely fixing a period within which the plaintiff's rights must be asserted.

The plaintiff does not seriously contest this principle but insists that the condition was waived by the defendant's request for time to make an investigation of the loss. C. P. Rogers, the plaintiff's general manager, testified as to the following conversation between himself and the defendant's superintendent: "I told him that I couldn't see but what the express company was responsible for the loss, and he told me that he would make a thorough investigation of the shortage, and I agreed to give him all the help we possibly could out there to make the investigation, and he told me that when the investigation had been made that he would be able to let us hear from him. I told him that we would have to hold the express company responsible for the shortage; he wanted sufficient time to investigate the matter before he would give any answer." He testified that a few days afterwards they had another conversation at a bank in Hendersonville, and then: "We got no further report from the express company. We waited on them about a year, if I am not mistaken, and then instructed our attorneys to bring suit against the express company for the shortage, and this was done. I waited this length of time in order to give them the necessary time to make a thorough investigation. . . . I knew that matters of that kind take a long time, and was perfectly willing to give them all the time necessary. . . . There were no negotiations or transactions in regard to this case between our company and the defendant company except those conducted by me." He said also that he had no recollection of the defendant's admission or denial of liability for the loss.

In 4 R. C. L., 800, it is said: "A carrier may by his conduct estop himself from insistence on compliance with the terms of the bill of lading with respect to limitations on the time within which an action for loss or injury to the article shipped must be brought, whenever, by negotiations for settlement or otherwise, he so acts as to justify a reasonable belief on the part of the shipper that this claim will be settled without suit. In such a case, if the shipper, acting on this belief, does not institute his suit until the time provided in the bill of lading has elapsed, the carrier will be estopped from invoking the limitation. If, however, notwithstanding such negotiations, the shipper still had ample time after they had ceased within which to begin his action before the stipulated time elapsed, it seems that the carrier will not be estopped from claiming the benefit of the stipulation." See cases cited and note to *Ry. v. Stock Farm,* 88 A. S. R., 118, and Ann. Cas., 1914 A., 235.

The defendant ceased all negotiations with the plaintiff a few days after the loss, and neither promised to pay the claim nor requested the plaintiff not to bring suit. Apparently it wanted time for the investigation to enable it to decide what course to pursue; but we think there is nothing in the record from which the plaintiff should reasonably have assumed that the defendant intended to settle the claim without suit. Action was voluntarily delayed for more than fourteen months after the last negotiations took place, and under the circumstances such delay should be attributed to the plaintiff's laches rather than to the defendant's alleged waiver. *Jennings v. Express Co.,* 194 N. Y. Sup., 679; *Watt v. R. R.,* 135 Pac., 600; *So. Ex. Co. v. Oliver,* 93 S. E., 109; *Ray v. R. R.,* 149 Pac., 397; 27 R. C. L., 909.

We find no error and the judgment is
Affirmed.