CHARLIE SMITH, by His Next Friend, ADRIAN J. NEWTON, v. JUNE MYERS and ROY MYERS.

J. MACK SMITH v. JUNE MYERS.

(Filed 12 November, 1924.)

1. **Appeal and Error—Objections and Exceptions—Record—Evidence.**

   An exception to the exclusion of evidence on the trial will not be considered on appeal when the record is silent as to what this evidence was expected to be, and its competence or materiality does not appear.

2. **Assault and Battery—Civil Actions—Punitive Damages—Evidence—Appeal and Error.**

   In a civil action to recover damages for assault and battery, the exclusion of the record of conviction of defendant in the criminal action as evidence is not prejudicial to the plaintiff upon the issue of punitive damages; damages of this character being largely discretionary with the court, and the evidence excluded not relating to an aggravation of actual damages on the question of willfulness, malice, or reckless and wanton disregard of the plaintiff's rights, etc.

3. **Assault and Battery—Civil Actions—Costs.**

   Where the recovery of damages in a civil action of assault is less than fifty dollars, the plaintiff recovers no more costs than damages. C. S., 1241 (4).

APPEAL from *Bryson, J.*, at July Term, 1924, of DAVIDSON.

The plaintiffs brought suit to recover damages for assault and battery. The two cases were tried together, and the following verdicts were returned:

Charlie Smith v. June Myers and Roy Myers. Did the defendants unlawfully and wrongfully assault the plaintiff, as alleged in the complaint? Answer: Yes. What actual damages, if any, is the plaintiff entitled to recover of the defendants? Answer: Ten cents. What punitive damages, if any, is the plaintiff entitled to recover of the defendants? Answer: Twenty-five cents.

J. Mack Smith v. June Myers. Did the defendant unlawfully and wrongfully assault the plaintiff, as alleged in the complaint? Answer: Yes. What actual damages, if any, is the plaintiff entitled to recover of the defendants? Answer: Thirty cents. What punitive damages, if any, is the plaintiff entitled to recover of the defendant? Answer: One cent.

Judgment. Appeal by plaintiffs.

*Walser & Walser and Z. I. Walser for plaintiffs.*
*Phillips & Bower for defendants.*

ADAMS, J. The plaintiff in the first case offered in evidence the record in a criminal action against Roy Myers to show that this defendant had pleaded guilty of the assault set out in the complaint and had been fined; and the plaintiff in the second case offered to prove upon the cross-examination of D. C. Craver, a witness for the defendant, the substance of the verdict in S. v. June Myers. The evidence was excluded in each instance and the plaintiffs excepted.

The record does not disclose what the witness Craver would have testified as to the verdict and for this reason, if for no other, the latter exception is without merit. *Hosiery Co. v. Express Co.,* 186 N. C., 556; *Snyder v. Asheboro,* 182 N. C., 708; *In re Edens, ibid.,* 398.

The second issue in the first action was answered in favor of the plaintiff; and the exclusion of the record in S. v. Roy Myers was harmless unless the evidence was competent in aggravation of punitive damages. In our opinion it was not competent for this purpose. Vindictive or punitive damages are treated as an award by way of punishment to the offender and as a warning to other wrongdoers; they are not allowed as a matter of course, but only when there are some features of aggravation, as willfulness, malice, rudeness, oppression, or a reckless and wanton disregard of the plaintiff's rights. *Hodges v. Hall,* 172 N. C., 29. The record of a simple admission of guilt tended to disclose none of these features. In *Smithwick v. Ward,* 52 N. C., 64, the Court held that in a civil action for assault and battery the jury should be permitted to consider the fine imposed in a criminal action for the same assault in abatement of exemplary damages, *Manly, J.,* saying: "When the inquiry is made by the jury in a civil action how much ought to be given for smart money, it is material and legitimate to know how much the defendant has been made to smart already, that the jury may estimate how much more will be required to effect the object of the law." But the decision is not in support of the position taken by the plaintiffs in these actions.

The proposed evidence was properly excluded; but there is an error in the judgment.

All the issues in each case were answered in favor of the plaintiff. In each case the plaintiff was properly allowed costs to the amount of his recovery; but it was adjudged also "that the defendant recover of the plaintiff the defendant's costs."

At common law neither party to a civil action recovered costs and each paid his own witnesses; but now the recovery of costs is entirely dependent upon statutory provisions. *Costin v. Baxter,* 29 N. C., 111; *Chadwick v. Ins. Co.,* 158 N. C., 380; *Waldo v. Wilson,* 177 N. C., 461. As a general rule when the plaintiff establishes his right to recover he establishes also his right to full costs; but in an action for assault,

battery, false imprisonment, libel, slander, malicious prosecution, and seduction, if the plaintiff recover less than fifty dollars as damages, he shall recover no more costs than damages. *Coates v. Stephenson,* 52 N. C., 124; C. S., 1241 (4). This provision was not intended to extend any grace or favor to the defendant, but to discourage the plaintiff from prosecuting frivolous, wilful, or malicious actions for torts of the character described in the statute. Section 1242 applies where the plaintiff fails to establish his right to recover, but does not authorize the defendants' recovery of their costs against the plaintiffs. The plaintiffs were the prevailing and the defendants the losing parties, and costs cannot be taxed against the party who recovers judgment. *Wall v. Covington,* 76 N. C., 150; *Cook v. Patterson,* 103 N. C., 127; *Knight v. Holden,* 104 N. C., 107.

The judgment in each case is modified by striking out the recovery against the plaintiff of the defendant's costs, and as modified is affirmed. In each case the cost of the appeal will be divided between the parties.

Modified and affirmed.