R. W. SIMPSON v. TOBACCO GROWERS COOPERATIVE ASSOCIATION.

(Filed 2 December, 1925.)

1. **Contracts—Fraud—Misrepresentations.**

In order to avoid a written contract for fraud for misrepresentations of a party or his authorized agent, it must not only be shown that the statements complained of were false, but among other things that the party was at the time ignorant of their falsity, and was induced thereby to his damage, and he must show facts sufficient to make out a case of fraud with all the material elements required in such instances.

2. **Appeal and Error—Agreement of Counsel—Pending Cases.**

Where upon appeal the parties do not agree that the decision of the Supreme Court therein may abide that of another case pending, the Court will recognize a distinction between the two cases, and decide upon each case as presented by the record.

**3. Same—Burden to Show Error—Presumptions.**

> The presumption on appeal to the Supreme Court is in favor of the correctness of the judgment in the Superior Court, and requires the appellant to show the error of record of which he complains.

APPEAL by plaintiff from *Cranmer, J.,* at July Special Term, 1925, of ALLEGHANY.

Civil action to rescind or cancel contract between the parties for fraud alleged to have been practiced in its procurement.

Upon denial of any fraud, and counterclaim to recover damages for a breach of the contract, there was a verdict and judgment in favor of the defendant, the plaintiff having submitted to a voluntary nonsuit upon his Honor's intimation that the representations made by defendant's agent were only promissory in character and not sufficient to avoid the contract. Plaintiff appeals.

*Folger & Folger for plaintiff.*
*Burgess & Joyner and Kenneth C. Royall for defendant.*

STACY, C. J. The allegations upon which plaintiff seeks to avoid his contract with the defendant are almost identical with those set out in the case of *Dunbar v. Tob. Gro. Asso., post,* 608. And in the instant suit, the defendant's former agent, Porter Wall, testifies that he made the representations substantially as alleged.

There was error in holding that these representations were only promissory in character, but the plaintiff has failed to show any harm resulting to him therefrom. It is not made to appear anywhere on the record that the plaintiff relied on these representations to his hurt, or that he did not know of their falsity at the time he signed the contract; nor did he offer to show facts sufficient to make out a case of fraud.

The general conditions under which factual misrepresentations may be made the basis of an action for deceit are stated in Pollock on Torts (12 ed.), 283, as follows:

"To create a right of action for deceit there must be a statement made by the defendant, or for which he is answerable as principal, and with regard to that statement all the following conditions must concur:

"(a) It is untrue in fact.

"(b) The person making the statement, or the person responsible for it, either knows it to be untrue, or is culpably ignorant (that is, recklessly and consciously ignorant) whether it be true or not.

"(c) It is made to the intent that the plaintiff shall act upon it, or in a manner apparently fitted to induce him to act upon it.

"(d) The plaintiff does act in reliance on the statement in the manner contemplated or manifestly probable, and thereby suffers damage."

It was suggested on the argument that this case should abide the same result on appeal as the *Dunbar case, supra,* but the facts appearing on the two records are not the same, and we find no agreement on the present record to the effect that evidence similar to that offered and excluded in the *Dunbar case,* should be considered as having been offered and excluded in the instant case.

While the plaintiff probably did not attempt to make out his case in full, because of the court's intimation that the representations were only promissory in character, yet we cannot assume that plaintiff's further evidence, which was not offered, so far as the record shows, would have been sufficient to make out a case of fraud. It does not appear that he did not know the provisions of the contract when he signed it. Error will not be presumed on appeal; it must be affirmatively established. Appellant is required to show error, and he must make it appear plainly, as the presumption is against him. *In re Ross,* 182 N. C., 477.

We find no error of law or legal inference appearing on the present record, hence the verdict and judgment must be upheld.

No error.