STATE v. PARKER HUSKINS, ROY WELDS, AND HARRY BURLESON.

(Filed 18 March, 1936.)

**1. Criminal Law G c—**

Defendant in a criminal prosecution may put his character in issue as substantive evidence of innocence, and this he may do without testifying in his own behalf, and even by cross-examination of a State's witness.

**2. Criminal Law G r—**

The cross-examination of a witness is not limited to matters elicited on his examination-in-chief, but may extend to and include any matter relevant to the inquiry.

**3. Criminal Law L e—**

The rule that an exception to the exclusion of testimony will not be considered where the record does not show what the answer of the witness would have been had he been permitted to testify, does not apply when the question is asked an adversary witness on cross-examination.

DEVIN, J., concurs in the result.

APPEAL by defendant Huskins from *Phillips, J.,* at September Term, 1935, of MITCHELL.  New trial.

This was a criminal action wherein the appellant and two others were tried upon a three-count bill of indictment charging (1) the felonious breaking and entering a storehouse where personal property was kept for the purpose of committing a felony, (2) larceny, and (3) feloniously receiving stolen goods knowing them to have been stolen. The codefendants of the appellant were convicted on the first count and did not appeal. The appellant, Parker Huskins, was convicted on the second count, larceny, and from judgment pronounced appealed to the Supreme Court, assigning errors.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for the State.*
*Charles Hutchins and W. C. Berry for defendant, appellant.*

SCHENCK, J. The State's witness, J. E. Guy, a member of the partnership whose goods were alleged to have been stolen, on cross-examination stated: "I have known Parker Huskins about four years." Whereupon, counsel for the defendant propounded the following question: "Do you know his general reputation?" To this question the State objected, and the court sustained the objection and refused to allow the witness to make answer. The defendant makes this ruling of the court the basis for exceptive assignment of error.

"It is the rule with us that the cross-examination of an adversary's witness is not necessarily confined to matters about which the witness has testified on his examination-in-chief, but may extend to and include any matter relevant to the inquiry. . . . The evidence then must be considered and dealt with as if it had come from plaintiff's witness, and this though it was in no way responsive to the testimony given in chief, and may tend only to support an affirmative defense." *Smith v. R. R.,* 147 N. C., 603.

"In all cases a person accused of a crime of any grade, whether a felony or a misdemeanor, has a right to offer in his defense testimony of his good character. . . . This right is not dependent upon the defendant having been examined as a witness in his own behalf, and was recognized long before defendants were made competent to testify." *S. v. Hice,* 117 N. C., 782. "In all criminal prosecutions, certainly those involving moral turpitude, the defendant may elect to put his character in issue, and thus produce evidence of his good reputation and standing in the community." *S. v. Colson,* 193 N. C., 236.

But it is contended by the State that although it may be competent for the defendant to put his character in issue without going upon the stand as a witness in his own behalf, and to show such character by cross-examination of a State's witness, and to have the evidence thus elicited

considered as substantive evidence upon the issue of his innocence or guilt, since the record does not disclose what the answer of the witness, had he been permitted to make answer, would have been to the question, "Do you know his (defendant's) general reputation?" the exception of the defendant can avail him nothing. While ordinarily the rule is that to afford the appellant any relief by reason of the court's refusal to allow answer to a question the record must disclose what the answer would have been, this rule does not apply when the question is asked upon cross-examination of a witness called by his adversary. This is so for the very sufficient reason that counsel for appellant cannot be charged with knowledge of what the answer of an adversary witness would be, and could not be expected to be able to state to the court what answer such witness would make. *Etheridge v. R. R., ante,* 326. However, lack of knowledge of what the witness might say does not deprive the defendant of his right under the law to put his character in issue and to show his general reputation as substantive evidence of his innocence, and to do this even by cross-examination of a State's witness if he is willing to take the hazard of an adverse answer.

The error in the court's refusal to allow the State's witness to make answer to the question as to whether he knew the defendant's general reputation entitles the defendant to a new trial, and renders it unnecessary for us to consider the other exceptions to the rulings upon the evidence and the charge.

New trial.

DEVIN, J., concurs in the result, but is of opinion that there was not sufficient competent evidence to go to the jury on the question of the guilt of defendant Huskins on the charge of larceny.