CHARLES M. BRITT, PLAINTIFF, v. CHESTER R. HOWELL AND HARRIS-GIBSON-HOWELL COMPANY, INC., DEFENDANTS.

(Filed 23 September, 1936.)

**Corporations G i—Evidence held insufficient to show corporation's liability for slanderous remarks uttered by alleged agent.**

Plaintiff's evidence failed to show any organization of defendant corporation at the time the alleged slander was uttered, or that the individual defendant was an incorporator, officer, or stockholder, although it did appear that the certificate of incorporation had been filed in the office of the Secretary of State the day previous, C. S., 1116. Plaintiff's evidence also failed to show the character of the individual defendant's alleged agency, or that the corporation impliedly authorized him to utter the slanderous remarks or thereafter ratified same. *Held:* The corporate defendant's motion to nonsuit was properly allowed.

APPEAL by plaintiff from *McElroy, J.*, at March Term, 1936, of BUNCOMBE. Affirmed.

This was an action for damages for slander alleged to have been uttered by defendant Chester R. Howell, acting for himself and his codefendant, Harris-Gibson-Howell Company, Inc.

At the conclusion of plaintiff's evidence, motion for judgment of nonsuit as to the corporate defendant was sustained, and thereupon plaintiff submitted to voluntary nonsuit as to the individual defendant, and from judgment dismissing the action, appealed.

*Lee & Lee for plaintiff, appellant.*
*Smathers, Martin & McCoy and Vonno L. Gudger for defendants, appellees.*

PER CURIAM. The determinative question presented here is whether there was sufficient evidence to go to the jury on the question of the liability of the corporate defendant for words spoken by the individual defendant, Chester R. Howell.

The words complained of were spoken by defendant Howell 13 April, 1934. The certificate of incorporation was signed by James Monroe Harris, Mrs. Elizabeth Pierce Harris, and Claude Lester Gibson, as incorporators, 3 April, 1934. This certificate was filed in the office of the Secretary of State 12 April, 1934, and a certified copy thereof recorded in the office of the clerk of the Superior Court of Buncombe County 27 April, 1934. The principal business authorized was that of food brokers. There was in evidence a letter signed "Harris-Gibson-Howell Co., Inc.," dated 12 April, 1934, written on the stationery of Harris-

Davis Company, addressed to "Our Principals and Customers," advising them that they had that day formed an organization to be known as Harris-Gibson-Howell Co., Inc., and would occupy certain warehouses in Asheville, N. C., and giving the business records of J. Monroe Harris, "our President," and that of Claude L. Gibson, who would "continue to cover the same territory for the new company," and of Chester R. Howell, stated to have been formerly with the Asheville Grocery Company and Chas. M. Britt Company.

While the statute provides that the incorporators become a body corporate from the date of filing the certificate in the office of the Secretary of State (C. S., 1116; *Benbow v. Cook,* 115 N. C., 325; *Powell v. Lumber Co.,* 153 N. C., 52; *Wood v. Staton,* 174 N. C., 245), there was here no evidence of any organization of defendant corporation prior to 13 April, 1934, nor that Howell was at the time of the utterance complained of incorporator, officer, director, or stockholder, nor does the nature of his employment, if any, or character of his agency appear. There was no express authority to bind the corporation by his oral defamation of another, nor evidence sufficient to warrant the finding of implied authorization or ratification. *Sawyer v. R. R.,* 142 N. C., 1.

There was no error in sustaining the motion for nonsuit as to the corporate defendant.

Judgment affirmed.