J. C. HAMMOND AND J. B. HAMMOND, COPARTNERS, TRADING AND DOING BUSINESS AS HAMMOND BROTHERS, v. E. T. WILLIAMS.

(Filed 24 May, 1939.)

1. **Limitation of Actions § 3b—Conflicting evidence as to whether last item entered properly obtained in mutual, open and current account held for jury.**

   Plaintiffs, copartners, contended that the last item in the mutual, open and current account with defendant was entered within three years next preceding the institution of the action. Defendant contended that this item was entered after the partnership had been incorporated and that therefore it was not an item in the mutual, open and current account with the partnership. Plaintiff contended that notwithstanding the granting of a charter of incorporation the partnership continued to do business until some time after the item in question was entered. *Held:* Conflicting evidence as to whether the item in question was entered in dealings with the partnership or with the corporation was properly submitted to the jury.

2. **Appeals and Error § 39d—**

   The exclusion of evidence cannot be held prejudicial when the record fails to show what the answer of the witness would have been had he been permitted to answer the question.

3. **Same—**

   Appellant must show that evidence excluded was material in order for its exclusion to be held prejudicial.

4. **Corporations § 4a—**

   While incorporators became a body incorporate from the date the certificate of incorporation is filed in the office of the Secretary of State, C. S., 1116, there is no presumption that the corporation is organized and doing business as such from that time, the time from which it begins to do business as a corporation being a question of fact to be proved as any other fact.

5. **Appeal and Error § 39e—**

   The charge must be prejudicial to appellant in order for his exception thereto to be sustained.

APPEAL by defendant from *Bivens, J.,* at September Term, 1939, of MOORE.

Civil action to recover upon mutual, open and current account.

Plaintiffs allege and on trial offered evidence tending to show that upon accounting between them and defendant of mutual dealings from 22 October, 1928, to 21 June, 1934, defendant is indebted to them in the sum of $790.85, as balance due on mutual, open and current account.

Defendant in his answer and on the trial admits such dealings prior to 2 January, 1934, but denies that he is indebted to plaintiffs in any amount whatever, and pleads the three-year statute of limitation as to any item charged against him by plaintiffs more than three years prior to the date of the institution of this action. C. S., 421 and 441. Further, by way of counterclaim defendant avers and offered evidence tending to show that upon a correct accounting of their dealings with him, plaintiffs are indebted to him in the sum of $646.74.

In reply plaintiffs deny that they are indebted to defendant in any sum as averred in his counterclaim, and as against such claim plead the three-year statute of limitations. C. S., 421 and 441.

Issues were submitted to and answered by the jury as follows:

"1. Is the defendant indebted to the plaintiffs, and, if so, in what amount? A. '$790.85.'

"2. Are the plaintiffs indebted to the defendant and, if so, in what amount? A. 'No.'

"3. Are the said causes of action, both by the plaintiffs and the defendant, barred by the statute of limitations? A. 'No.'"

From judgment thereon in favor of the plaintiffs, defendant appeals to the Supreme Court and assigns error.

*Seawell & Seawell for plaintiffs, appellees.*
*J. H. Scott and W. R. Clegg for defendant, appellant.*

WINBORNE, J. Careful consideration of each exceptive assignment on this appeal fails to reveal error.

Matters stressed by appellant in the main relate to controverted facts bearing on the question of the statute of limitations. Defendant contends that the mutual dealings between him and plaintiff closed on 2 January, 1934, and that no item in the account is within the three years next preceding 19 June, 1937, the date on which this action was instituted. In support of this contention, defendant contended below and offered evidence tending to show that on 2 January, 1934, individual plaintiffs took out certificate of incorporation in the name of "Hammond Brothers, Incorporated"; that they ceased to operate as a partner-

ship; and that a new account was opened by the corporation with defendant, which covered all subsequent transactions appearing as items in the statement of plaintiffs' claim.

On the other hand, plaintiffs contend and offered evidence tending to show that, while it is true that a certificate of corporation was issued by the Secretary of State to Hammond Brothers, Incorporated, on 2 January, 1934, the corporation did not take over the partnership business until 1 July, 1934; and that the last item in the mutual account was on 21 June, 1934, and within the period of three years next preceding the institution of this action.   C. S., 421 and 441.

This presented a factual controversy for decision by the jury.   It was fairly presented in the charge.

Defendant stresses specifically exceptions to the ruling of the court in sustaining objection to these questions:

"Q. I will ask you if that is not a statement you sent Mr. Williams after you were incorporated in 1934 for material he purchased from you?

"Q. Mr. Hammond, I will ask you what that is?   A. 'A check in connection with the corporation.'"

The record is silent as to what the answer would have been to the first question.   Likewise the record fails to show the date of the check or other *indicia* relating thereto from which to determine its materiality. Under these circumstances, if the rulings of the court be erroneous, we cannot say that they are prejudicial.

Defendant excepts to this portion of the charge: "Now, gentlemen, the court instructs you that the mere fact that a person incorporates and files incorporation papers in the office of the clerk of the Superior Court and otherwise complies with the statutory laws of North Carolina does not mean, does not necessarily mean he must operate as to that particular corporation, and therefore it does not necessarily mean that because these papers were recorded they were operating as a corporation."

The challenge is not well taken.   While the statute, C. S., 1116, provides that the incorporators become a body corporate from the date the certificate of incorporation is filed in the office of the Secretary of State, *Britt v. Howell,* 210 N. C., 475, 187 S. E., 566, there is no presumption that the corporation is organized and doing business as such from that time.   These are questions of fact which are subject to be, and may be proved as any other fact.

While not excepting to the form of the third issue, defendant excepts to various parts of the charge in which the court quoted the issue and declared the burden of proof thereon.   It is assumed that the issue was so framed because the respective claims admittedly relate to the balance

due on mutual, open and current account. We do not approve the form, but perusal of the charge fails to disclose error prejudicial to defendant. The court plainly charged the jury that the burden of proof on this issue was upon the plaintiff. With this defendant cannot complain.

Reference to other assignments is deemed unnecessary.

In the judgment below we find

No error.