STATE v. CALEB WRAY, WILLIAM MARTIN AND CLAUD COOK.

(Filed 28 February, 1940.)

1. **Criminal Law § 41b—Cross-examination beyond scope of examination-in-chief for the purpose of showing bias rests in the discretion of the trial court.**

   The extent of the cross-examination of a witness beyond the scope of the examination-in-chief for the purpose of showing bias rests in the sound discretion of the trial court, and the action of the court in sustaining an objection to a question asked for the purpose of showing that the witness was biased cannot be held prejudicial and does not disclose abuse of discretion when it appears that the witness had theretofore answered another question having the same import.

2. **Criminal Law § 81c—**

   Error must be prejudicial in order to entitle defendant to a new trial.

3. **Arrest § 3: Assault § 11—**

   Evidence held sufficient to be submitted to the jury as to each defendant on the charge of obstructing justice in interfering with police officers in the discharge of their duty in making an arrest, and as to one of the defendants on the charge of assault with a deadly weapon.

**4. Criminal Law §§ 28a, 53c—**

A charge to the effect that, in the absence of an admission or evidence establishing a presumption of guilt sufficient to overcome the presumption of innocence, the most that can be required of a defendant in a criminal prosecution is explanation but not exculpation, *is held* without error.

**5. Arrest § 1b—Officers may enter public or private property to investigate disturbance and may make arrest without warrant to prevent breach of peace.**

An instruction to the effect that police officers had a right to enter a cafe without a warrant and make whatever investigation they deemed necessary *is held* without error, since the officers have a right to enter a public place as invitees unless forbidden to enter therein, and *further*, officers may enter public or private property upon hearing a disturbance therein and make an arrest without a warrant to prevent a breach of the peace. C. S., 4542, 2642.

APPEAL by defendants from *Nettles, J.*, at August Term, 1939, of ROCKINGHAM. No error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Glidewell & Glidewell for defendants.*

SCHENCK, J. The three defendants were convicted of resisting and obstructing public officers in discharging their duties as policemen of Mayodan (C. S., 4378), and the defendant Wray was also convicted of an assault with deadly weapon (C. S., 4215).

The State's evidence tended to show that two policemen of Mayodan entered a cafe operated by the wife of the defendant Wray; that Wray cursed and struck one of the policemen, whereupon the other policeman, the chief, told Wray to consider himself under arrest, and placed his hands upon Wray; that the other two defendants, Martin and Cook, caught hold of the officers and of Wray and stated that the officers should not take Wray to jail, that a struggle with the officers ensued wherein all three defendants were engaged; that the defendant Wray was taken to the town jail and there threw a brass lock weighing a half pound or more at one of the officers.

The defendants' evidence tended to show that officers entered the cafe of the wife of defendant Wray, and without cause grabbed hold of defendant Wray and that Wray struggled to release himself, and that the other two defendants, Martin and Cook, did not enter the struggle or in any way obstruct the officers; that the officers did not have a warrant; and further, that the defendant Wray did not throw the lock at either of the officers at the jail.

The defendants assign as error the following: "On cross-examination Chief Jones (State's witness) was interrogated: 'Q. You have got it in for this boy and some of those other boys, haven't you? A. No, sir. Q. I ask you if you didn't employ private counsel to prosecute them? Objection by the solicitor. Objection sustained. Exception.'" This assignment is untenable.

While it may be that the assignment cannot be denied for the reason that the answer the witness would have made to the interrogatory does not appear in the record, *Newbern v. Hinton,* 190 N. C., 108, since the interrogatory was made upon cross-examination, *Etheridge v. R. R.,* 209 N. C., 326, still when it was sought to go beyond the scope of the examination-in-chief to determine the interest or bias of the witness and to impeach his credibility the method and duration of the cross-examination for these purposes rested largely in the discretion of the trial court. *S. v. Beal,* 199 N. C., 278; *S. v. Coleman,* 215 N. C., 716. It does not appear that there has been any prejudicial abuse of discretion by the trial court, in view of the fact that the witness had been required to answer the interrogatory just preceding the one to which the objection was lodged. The two interrogatories were practically the same in purpose, namely, to show the bias of the witness being cross-examined. It must appear that the ruling complained of was prejudicial to avail the appellant. *S. v. Smith,* 164 N. C., 475; *Collins v. Lamb,* 215 N. C., 719.

The exceptions to the court's refusal to sustain the defendants' demurrers to the evidence lodged under C. S., 4643, were properly overruled, since the State's evidence, if believed, was amply sufficient to sustain the convictions.

The defendants assign as error the following excerpt from the charge: "In the absence of some admission or evidence establishing an opposite presumption, sufficient to overcome the presumption of innocence, the most that can be required of a defendant in a criminal prosecution is explanation but not exculpation." This assignment cannot be sustained. The excerpt in practically *verbatim* language is approved in *Speas v. Bank,* 188 N. C., 524.

The defendants assign as error the following excerpt from the charge: "The court charges you as a matter of law the officers had a right to go upon those premises and investigate any matter they deemed to be needed to be investigated, and that they had a right to go on the premises without a warrant." This excerpt cannot be held for error, since it appears from all the evidence that "those premises" was a cafe, a public place, and the officers were at least invitees thereto until forbidden to enter therein, and, moreover, it was the duty of public officers upon hearing loud noises and swearing emanating from the cafe to investigate and stop the disorder. For the purpose of preventing a breach of the peace

or other crime an officer may enter either public or private property. "Every person present at any . . . breach of the peace, shall endeavor to suppress and prevent the same, and, if necessary for that purpose, shall arrest the offenders." C. S., 4542; *S. v. McAfee,* 107 N. C., 812. And a policeman, who has the same authority to make arrests within the town limits as is vested by law in a sheriff, C. S., 2642, is authorized to make an arrest for a breach of the peace committed in his presence without a warrant. *S. v. McAfee, supra.*

The other exceptions set out in the appellants' brief relating to the court's refusal to set aside the verdict, the refusal to grant new trials for errors, and the judgments entered, are formal, and are disposed of by the discussion of the other assignments of error.

On the record we find

No error.