IN RE WILL OF B. F. COOPER, Deceased.

(Filed 7 April, 1943.)

**Wills § 22: Appeal and Error § 38—**

Upon filing a caveat to a will the burden of showing reversible error is upon caveators, and verdict and judgment will not be set aside for harmless error or for mere error and no more. To accomplish this result, it must appear not only that there is error, but also that it is material and prejudicial, amounting to a denial of some substantial right.

APPEAL by caveators from *Burney, J.,* at August Term, 1942, of DUPLIN. No error.

In re Will of Cooper.

This was a proceeding to probate the will of B. F. Cooper, deceased. Caveat was filed by the children of the decedent by a former marriage, alleging that the paper writing propounded was not the last will and testament of the decedent, for that its execution was procured by undue influence, and that at the time of its execution B. F. Cooper did not have sufficient mental capacity to make a will.

In the Superior Court, upon issues submitted, the jury returned the following verdict:

"1. Was the paper writing propounded, dated the 21st day of October, 1927, executed by B. F. Cooper according to the formalities of the law required to make a valid last will and testament? Answer: Yes.

"2. At the time of signing and executing said paper writing, did the said B. F. Cooper have sufficient mental capacity to make and execute a valid last will and testament? Answer: Yes.

"3. Was the execution of said paper writing propounded in this cause procured by undue influence, as alleged? Answer: No.

"4. Is the said paper writing referred to in issue No. 1, propounded in this cause, and every part thereof, the last will and testament of B. F. Cooper, deceased? Answer: Yes."

From judgment on the verdict declaring the paper writing propounded to be the last will and testament of B. F. Cooper, deceased, the caveators appealed.

*Beasley & Stevens and R. D. Johnson for propounders.*
*Sutton & Greene and J. A. Jones for caveators.*

Devin, J. B. F. Cooper was thrice married. As fruit of the first marriage six children were born. The second marriage ended in a divorce, without children. In 1916, when he was 59 years of age, he married his third wife, Macy Cooper, who was then 15 years old. Of the last marriage three children were born, two of them now under the age of 21 years.

In 1927 he executed what purported to be his last will and testament, wherein he devised the bulk of his estate, consisting of real and personal property, to his wife Macy and her three children. In the will he explained his reasons for the apparent discrimination between his older and younger children.

In August, 1941, B. F. Cooper died. The paper writing purporting to be his will was offered for probate by the corporate executor therein named, and the six children of his first marriage filed a caveat attacking the validity of the will on the ground of mental· incapacity and undue influence. On the trial the verdict was against the caveators, and the will was established in solemn form.

The counsel for caveators, in the zealous effort to protect the interests of their clients, noted numerous exceptions to the rulings of the court below in the admission of testimony and to the instructions to the jury, and have brought forward in their appeal thirty-nine assignments of error, but upon an examination of these we are unable to find any of sufficient moment to warrant a new trial. The case seems to have been fairly tried. Fifty-nine witnesses were examined. From a consideration of the testimony thus adduced, and under a charge free from error, the triers of the facts concluded that at the time of the execution of the will in 1927 B. F. Cooper had sufficient mental capacity, as defined by the court, to dispose of his property by will, and that its execution was not procured by undue influence. The evidence was fully sufficient to support these findings.

The burden of showing error was upon appellants. In order to warrant a new trial it must be made to appear that the rulings of the trial court have injuriously affected the appellants' cause in some material respect, and that the jury was probably misled thereby. As was said in *Wilson v. Lumber Co.,* 186 N. C., 56, 118 S. E., 797, "Verdicts and judgments are not to be set aside for harmless error or for mere error and no more. To accomplish this result, it must be made to appear not only that the ruling complained of is erroneous, but also that it is material and prejudicial, amounting to a denial of some substantial right." *Collins v. Lamb,* 215 N. C., 719, 2 S. E. (2d), 863; *R. R. v. Thrower,* 217 N. C., 77 (82), 6 S. E. (2d), 899; *S. v. Wray,* 217 N. C., 167, 7 S. E. (2d), 468; *Caldwell v. R. R.,* 218 N. C., 63 (71), 10 S. E. (2d), 680.

Without undertaking to discuss *seriatim* appellants' numerous assignments of error, an examination of each of these, in connection with the entire record, leaves us with the impression that the verdict and judgment should not be disturbed.

No error.