STATE v. ELIZABETH H. POOLOS.

(Filed 14 January, 1955.)

**1. Criminal Law § 81c (3) : Appeal and Error § 39e—**

Exception to the exclusion of evidence cannot be sustained when the record fails to show what the witness would have testified if permitted to answer, even though the question be asked on cross-examination and be a proper question asked for the purpose of impeaching the credibility of the witness by showing that she was mentally and emotionally unstable.

**2. Criminal Law § 81c (1) : Appeal and Error § 38—**

The burden is upon appellant not only to show error, but also to show that the alleged error was prejudicial.

APPEAL by defendant from *Sharp, Special Judge,* October Term, 1954, of FORSYTH.

The defendant was tried and convicted in the Municipal Court of the City of Winston-Salem, upon a warrant charging her with unlawfully and willfully maintaining and operating a place, structure, and building for the purpose of prostitution, and assignation, etc. From the judgment entered she appealed to the Superior Court of Forsyth County where she was tried *de novo* on the original warrant. The jury returned a verdict of guilty, and from the judgment imposed she appeals to this Court, assigning error.

*Attorney-General McMullan, Assistant Attorney-General Moody, and William P. Mayo, Member of Staff, for the State.*

*Eugene H. Phillips and B. C. Brock for defendant.*

DENNY, J. There is no contention on the part of the defendant that the State's evidence is insufficient to support the verdict. She contends,

however, that the court committed prejudicial error by sustaining objections by the State to certain questions propounded by her counsel in cross-examining the State's witnesses.

Counsel for defendant, in cross-examining Anne Shuler, one of the State's witnesses, asked her if on one occasion she had tried to commit suicide by eating some bobby pins. The State objected to the question and the court sustained the objection. The defendant duly excepted to the court's ruling and assigns it as error.

The record does not disclose what the reply of the witness would have been if she had been permitted to answer; consequently, it is impossible for us to know whether the ruling was prejudicial to the defendant or not. We think the question propounded was a permissible one for the purpose of impeaching the credibility of the testimony of the witness. Even so, the burden is upon the appellant not only to show error but to show that such error was prejudicial to her. We cannot assume that the answer of the witness would have been in the affirmative. *In re Will of Wilder,* 205 N.C. 431, 171 S.E. 611; *S. v. Brewer,* 202 N.C. 187, 162 S.E. 363; *Rawls v. Lupton,* 193 N.C. 428, 137 S.E. 175; *Simpson v. Tobacco Growers,* 190 N.C. 603, 130 S.E. 507; *Snyder v. Asheboro,* 182 N.C. 708, 110 S.E. 84; *In re Ross,* 182 N.C. 477, 109 S.E. 365. Suppose the witness had been permitted to answer the question and had replied in the negative, the defendant would have been bound by the answer. *Clark v. Clark,* 65 N.C. 655; *S. v. Roberts,* 81 N.C. 605; *S. v. Morris,* 109 N.C. 820, 13 S.E. 877; *S. v. Cagle,* 114 N.C. 835, 19 S.E. 766; *S. v. Wilson,* 217 N.C. 123, 7 S.E. 2d 11; *S. v. Broom,* 222 N.C. 324, 22 S.E. 2d 926; *S. v. King,* 224 N.C. 329, 30 S.E. 2d 230. Furthermore, the question was not propounded for the purpose of showing bias, interest, or hostility of the witness as was the case in *S. v. Hart,* 239 N.C. 709, 80 S.E. 2d 901, but the defendant states in her brief that the question was asked for the purpose of impeaching her credibility as a witness by showing that she was mentally and emotionally unstable. Stansbury on Evidence, Witnesses, section 48, subsection 3.

This Court held in the cases of *Etheridge v. R. R.,* 209 N.C. 326, 183 S.E. 539; *S. v. Huskins,* 209 N.C. 727, 184 S.E. 480, and pointed out in *S. v. Wray,* 217 N.C. 167, 7 S.E. 2d 468, that the general rule that where a question is propounded to a witness and an objection thereto is sustained, in order for an exception thereto to be considered on appeal the record must show what the witness would have answered if the objection had not been interposed, does not apply to a question propounded on cross-examination. The citation relied upon to sustain this exception to the general rule is *S. v. Martino,* 192 P. 507 (N. Mex.). The only reason given by the New Mexico Court to support its decision in this respect was that counsel in cross-examining a witness is not charged with the knowl-

STATE *v.* POOLOS.

edge of what the witness would have answered if the objection had not been made.

We do not think this reasoning is sound, for, after all, it is not what the attorney knew or did not know that is determinative of the question. Here, as in other similar situations, it is what the witness would have said in response to the question, if she had been permitted to answer, that would enable us to determine whether the appellant was prejudiced by the ruling below.

The last cited case and our decisions in accordance therewith are in direct conflict with an otherwise unbroken line of decisions by this Court on the identical question under consideration. Hence, *Etheridge v. R. R., supra,* and *S. v. Huskins, supra,* are disapproved in so far as they are in conflict with this opinion and other decisions of this Court on the question involved.

Except for the above cases, we have been unable to find a single instance where this Court has made any distinction between a question propounded on direct examination and one on cross-examination with respect to the general rule that an exception will not be considered on appeal where an objection has been sustained, unless the record discloses what the witness would have said if he had been permitted to answer. A few other jurisdictions do make such a distinction. See 3 C.J., Appeal and Error, section 737, page 827.

Among the cases in which this Court has declined to consider exceptions propounded on cross-examination because the record did not disclose what the answer would have been had the witness been permitted to answer, are the following: *S. v. Leak,* 156 N.C. 643, 72 S.E. 567; *Stout v. Turnpike,* 157 N.C. 366, 72 S.E. 993; *Steeley v. Lumber Co.,* 165 N.C. 27, 80 S.E. 963; *S. v. Lane,* 166 N.C. 333, 81 S.E. 620; *Brimmer v. Brimmer,* 174 N.C. 435, 93 S.E. 984; *Smith v. Myers,* 188 N.C. 551, 125 S.E. 178; *S. v. Collins,* 189 N.C. 15, 126 S.E. 98; *S. v. Brewer,* 202 N.C. 187, 162 S.E. 363, 81 A.L.R. 1424; *Hammond v. Williams,* 215 N.C. 657, 3 S.E. 2d 437. See also *Howard v. Manufacturing Co.,* 179 N.C. 118, 101 S.E. 491; *Newbern v. Hinton,* 190 N.C. 108, 129 S.E. 181, and Wigmore on Evidence, 3rd Edition, Vol. I, section 20, page 362.

In *Snyder v. Asheboro, supra,* this Court said: "Since the record fails to disclose what the witness would have said, we cannot assume that his answer would have been favorable to the defendant. It would be vain to grant a new trial upon the hazard of an uncertain answer by the witness."

Likewise, *Winborne, J.,* in the case of *Coach Co. v. Motor Lines,* 229 N.C. 650, 50 S.E. 2d 909, said: "The record does not show what the answer of the witness would have been if permitted to answer. Compe-

tency of the testimony is not, therefore, presented by the assignments of error. *Barbee v. Davis,* 187 N.C. 78, 121 S.E. 176, and cases cited."

The exception is overruled.

We have carefully examined the remaining exceptions and assignments of error, and, in our opinion, no error has been made to appear that would warrant a new trial. The verdict and judgment of the court below will be upheld.

No error.