## STATE v. THOMAS WILLIAMS.

*Indictment for Assault with Intent to Rape—Trial—Evidence —Intent—Abandonment of Purpose.*

1. Where, in the trial of an indictment for assault with intent to commit rape, it appeared that the defendant seized the prosecutrix, threw her upon the ground, put his hand over her mouth, pulled up her clothes, unbuttoned his pants and put his hands on her person and got upon her; that she forcibly resisted and accused arose because, as prosecutrix "supposed" she outdid him; *Held,* that the evidence was sufficient to be left to the jury as to the intent charged and that it was not error to refuse an instruction that the jury could not convict the defendant of a greater offence than a simple assault.

2. On the trial of an indictment for assault with intent to commit rape it was not error to charge that "if the jury are satisfied beyond a reasonable doubt that the defendant laid hands upon the prosecutrix violently and against her will, for the purpose of having sexual intercourse with her, and that, at the time he so laid hands upon her, he intended to accomplish his purpose at all hazards in defiance of and notwithstanding any resistance she might make, then the defendant was guilty of an assault with intent to commit rape although he may have subsequently abandoned his purpose."

INDICTMENT for assault with intent to commit rape upon Lillie Caldwell, tried before *Starbuck, J.,* and a jury at Fall Term, 1897, of ALLEGHANY Superior Court. The facts sufficiently appear in the opinion. The defendant was con-

victed and appealed from the judgment of the Court, sentencing him to the penitentiary for a term of five years.

Mr. Zeb V. Walser, Attorney General, for the State.
Mr. R. A. Daughton, for defendant (appellant).

FURCHES, J.: This is an indictment for assault with intent to commit rape. The case discloses two grounds of exception: Whether there was sufficient evidence to carry the case to the jury; and, if there was, as to the correctness of the Judge's charge.

The prosecutrix, Lillie Caldwell, testified that she was sixteen years old; that she had started to a married sister's about four miles from home, that she had to pass through fields, across fences, and through old fields and woods; that on her way, in the afternoon of the 10th of May, 1897, "the defendant came on behind her in the path, and while going through the woods hallooed for her to wait, saying he had a picture and a letter for her; that when she got through a strip of woods and into a field she waited; that she was at the fence at the edge of the woods, and they went together through the old field, grown up with briers somewhat, and came to a fence at the edge of the corn field; that she was about to cross the fence, and laid her bundle on the fence and defendant took hold of the bundle; that they got over the fence and defendant sat down and said if she would come and kiss him he would give her clothes back to her and let her go, and she refused; that he then asked her to hug his neck and she refused; that he then asked her to sit on his lap and she refused; that defendant then caught her by the clothing and jerked her down in his lap; that she asked him to let her up and he would not; that he threw her over on the ground and got on her and pulled up her dress; that she hallooed and scuffled, and the defendant then put his hand over her mouth so that she

could not halloo; that defendant then unbuttoned his pants and put his hand on her person; that she kicked and scuffled, and he got up. In response to a question as to why the defendant got up, the witness stated that she didn't know, but supposed that in the scuffle she out did him; that she got her bundle and started on, crying; defendant hallooed at her that she was foolish or crazy."

There was other evidence for the State that tended to some extent to corroborate the prosecutrix, but we do not think it necessary to quote it. The defendant was examined and denied that he committed the assault or that he touched her on that occasion.

At the conclusion of the evidence, the defendant asked the Court to charge "that from the evidence in the case, the jury could not convict the defendant of an assault with intent to commit rape, and could not find defendant guilty of a greater offence than a simple assault."

Defendant further contended "that from the facts and circumstances developed by the testimony there was no evidence fit to be left to the jury as to the intent charged; that the facts did not show that defendant intended to have intercourse with the prosecutrix at all events and notwithstanding any resistance on her part."

The Court refused to give the instructions as asked, and among other things charged the jury as follows: "That if they were satisfied beyond a reasonable doubt that the defendant laid hands on Lillie Caldwell violently and against her will, for the purpose of having sexual intercourse with her, and that at the time he so laid hands upon her he intended to accomplish his purpose at all hazards, in defiance of and not withstanding any resistance that she might make, then the defendant was guilty of an assault with intent to commit rape, although he may have subsequently abandoned his purpose."

Neither of the defendant's prayers for instruction could be given, unless it be upon the. ground that there was no evidence, or no such evidence of the offence charged as should be allowed to go·to the jury.    The defendant in his prayers for instruction says there are "no such *facts* developed."    We suppose he meant by this that there is no such evidence—as the *facts* are for the jury.    The defendant's counsel argued it upon this ground and cited *State* v. *Massey*, 86 N. C., 658, and *State* v. *Jeffreys*, 117 N. C., 743, as sustaining his contention.    But the evidence in this case is much stronger, in support of the Judge's leaving it to the jury, than it was in either of those cases.    This case is nearer like that of *State* v. *Mitchell*, 89 N. C., 521, which fully sustains the action of the Court below in submitting the case to the jury.    And the evidence for the State is stronger in this case than it was in Mitchell's case.    While the Court did not give defendant's prayers as asked, · it seems to us that the charge is correct and entirely fair to the defendant. Upon reading the whole testimony, it seems to us that the defendant offered evidence tending strongly to disprove the charge of the State, but that was all for the jury, and not for us.    We cannot review the findings of the jury, but only the rulings of the Court upon questions of law.

There was one other exception taken as to the Judge's refusing to tell the jury what the punishment was upon a conviction for assault with intent to commit rape, and what was the punishment upon conviction for a simple assault. But this exception was properly abandoned here.

There is no error and the judgment must be affirmed.

Affirmed.