STATE v. KENNETH PETRY.

(Filed 31 January, 1946.)

### 1. Criminal Law § 41e—

Inconsistency in the testimony of a witness goes only to its credibility and not to its competency.

**2. Criminal Law § 41e: Rape § 25—**

In this prosecution for assault with intent to commit rape, the blouse offered in evidence *held* competent for the purpose of corroborating the testimony of witnesses as to tears about the shoulder, and inconsistencies in the testimony of prosecutrix on the question of whether the blouse was in the same condition at the trial as it was immediately after the assault affects only the question of credibility.

**3. Criminal Law § 48b—**

Where there is no request to limit the scope of evidence competent for the purpose of corroboration, the evidence is competent for general purposes. Rule 21.

**4. Criminal Law § 1b—**

Intent is a mental attitude which seldom may be proven by direct evidence, but must ordinarily be proven by circumstances from which it may be inferred.

**5. Rape § 25—**

Evidence in this case *held* sufficient upon the question of whether the assault was committed by the defendant with intent to commit rape.

**6. Rape § 24—**

In order to constitute an assault with intent to commit rape it is not necessary that the intent continue throughout the assault, it being sufficient if at any time during the assault the defendant intends to accomplish his purpose notwithstanding any resistance on the part of prosecutrix.

**7. Criminal Law § 53c: Rape § 25—**

In this prosecution for assault with intent to commit rape the charge of the court *is held* to have correctly placed the burden on the State to prove each of the essential elements of the offense beyond a reasonable doubt, and defendant's exception thereto is untenable.

APPEAL by defendant from *Williams, J.,* at June Criminal Term, 1945, of WAKE.

The defendant was tried upon a bill of indictment charging him with an assault, with intent to commit rape, upon one Martha Anne Midgette. The jury returned a verdict of guilty of an assault with intent to commit rape. From sentence of imprisonment predicated on the verdict the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*W. Brantley Womble and L. S. Brassfield for defendant, appellant.*

SCHENCK, J.    The defendant was convicted upon the charge of having committed an assault upon one Martha Anne Midgette, with the intent

to commit rape upon the said Midgette, and judgment of imprisonment was pronounced, from which the defendant appealed to the Supreme Court, assigning errors.

This case can best be discussed by considering the exceptive assignments of error in the order set out in the appellant's brief.

The first exceptive assignments of error set out in the appellant's brief, which relate to the admission in evidence, over objection of the defendant, of a blouse contended by the State to have been worn by the prosecutrix at the time of the alleged assault. It is contended by the appellant that the testimony of the prosecutrix was to the effect that the blouse at the time it was offered in evidence was not in the same condition as it was immediately after the alleged assault, and was therefore not competent to be introduced in evidence. In the first place we do not concur in the defendant's contention as to the testimony of the prosecutrix. An examination of the record reveals that the prosecutrix at one time testified in effect that the condition of the blouse was the same at the time of its introduction in evidence and at the time immediately following the assault. She testified on redirect examination, that the blouse was in the same condition at the trial as when she took it off the day of the assault, although at another time she said the condition was not the same. Her testimony on this subject appears to be inconsistent, and if it be so, such inconsistency in the testimony goes only to its credibility. *S. v. Baxley,* 223 N. C., 210, 25 S. E. (2d), 621. The blouse introduced had certain tears about the shoulder, and the prosecutrix, as well as the witness Hodge, testified that the night of the alleged assault the blouse prosecutrix had on was torn about the shoulder. The admission of the blouse in evidence was competent for the purpose of corroborating these two witnesses, and, in the absence of request to limit it to corroboration it was competent for general purposes. *S. v. Shepherd,* 220 N. C., 377, 17 S. E. (2d), 469; Rule 21, Rules of Practice in the Supreme Court, 221 N. C., 558. These exceptions cannot be sustained.

The second group of exceptive assignments of error set out in appellant's brief are those relating to the refusal of the court to sustain defendant's motion at the conclusion of State's evidence and renewed at the conclusion of all the evidence, to dismiss the action as it relates to the charge of an assault with intent to commit rape. While the appellant does not seem to controvert that there was sufficient evidence to be submitted to the jury upon the charge of an assault, he does controvert that there was sufficient evidence to be submitted to the jury upon the charge of an assault with intent to commit rape. The gravamen of the charge in the bill is an assault with intent to commit rape, and an intent being a mental attitude it is seldom, if ever, susceptible of proof by direct evidence, it must ordinarily be proven by circumstantial evidence, that is,

by proving facts from which it may be inferred. *S. v. Smith,* 211 N. C., 93, 189 S. E., 175. However, in the instant case the evidence was sufficient to carry to the jury the issue of defendant's intent to commit rape. The prosecutrix testified in effect that the defendant forced her upstairs into a room alone and that he told her "I brought you here for one purpose and I don't intend to let you out until I get it," and also said to her "he brought me there for one reason and I might as well lay down because he wouldn't stop until he got it." It is not necessary to complete the offense charged that the defendant retain the intent throughout the assault, but if he, at any time during the assault, have an intent to gratify his passions upon the prosecutrix, notwithstanding any resistance upon her part, the defendant would be guilty of the offense charged, *S. v. Williams,* 121 N. C., 628, 28 S. E., 405; 89 N. C., 521; *S. v. Mehaffey,* 132 N. C., 1062, 44 S. E., 107. None of this group of assignments can be sustained.

The third group of exceptive assignments of error set out in appellant's brief relate to the charge of the court, it being contended by the defendant that the court failed to charge that the burden of proof of the offense rested on the State to satisfy the jury beyond a reasonable doubt as to each essential element of the offense. We do not concur with the interpretation of the charge contended for by the appellant. The court charged the jury: "If you find from the evidence and beyond a reasonable doubt that the prisoner assaulted the prosecutrix Martha Anne Midgette with intent to commit rape you will return such a verdict, that is, guilty of assault with intent to commit rape. If you do not so find you will consider upon the evidence as to whether or not the prisoner is guilty of assault upon a female. If you find from the evidence and beyond a reasonable doubt that the prisoner assaulted the prosecutrix, Martha Anne Midgette, you will return a verdict of guilty of assault upon a female. If you have a reasonable doubt as to either of these charges you will return a verdict of not guilty." And, again, in conclusion, the court charged: "Now, gentlemen, this is largely a question of fact for you. As I said a moment ago, if you find, beyond a reasonable doubt, that the defendant committed an assault upon the prosecuting witness, Martha Anne Midgette, as I have defined that term to you, with the intent in his mind to carnally know and ravish Martha Anne Midgette by force and violence and against her will notwithstanding any resistance she might make, it will be your duty to return a verdict of guilty of assault with intent to commit rape. If you do not so find beyond a reasonable doubt but do find beyond a reasonable doubt that he committed an assault as I have defined that term to you, you will find him guilty of assault upon a female. If you have a reasonable doubt as to either of those charges you will return a verdict of not guilty." This

group of exceptive assignments of error set out in appellant's brief are untenable.

We have considered each assignment of error set out in the appellant's brief, those not so set out being deemed abandoned, and see no legal cause for disturbing the judgment below, and therefore, we find

No error.