STATE OF NORTH CAROLINA v. DAVID FELTON

No. 52

(Filed 9 May 1973)

1. **Criminal Law § 166— assignments of error not in brief — abandonment**

    Assignments of error not brought forward in defendant's brief or argued on appeal are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court.

2. **Criminal Law § 101— sequestration of witnesses — denial — no abuse of discretion**

    The trial court's denial of defendant's motion, made prior to the commencement of trial, to sequester the witnesses is not reviewable on appeal except in case of abuse of discretion, of which there is no indication in the present record.

3. **Criminal Law § 134— sentence — expression of opinion by judge — no error**

    Statement by the trial judge at the time of imposing sentence that he "with a great deal of pleasure" sentenced the defendant to life imprisonment, though unwise, was not ground for a new trial, since the verdict had already been rendered and accepted at the time of the statement.

4. **Criminal Law § 169— exclusion of testimony — no prejudicial error shown**

    Where the record does not show what the witness's answer would have been, defendant in a rape case has shown no prejudice in the court's sustaining an objection by the State to defendant's question to the arresting officer on cross-examination as to whether he explained to the prosecuting witness what could happen to her if she did not press charges.

State v. Felton

5. **Criminal Law § 34— defendant's guilt of another offense — admissibility**

   Testimony by the victim in a rape case that defendant told her it did not matter if he killed her since he had tried to rape another woman that night and she was going to tell on him was properly admitted since the testimony was clearly relevant on the material question of whether the prosecuting witness's will to resist was overcome by fear due to the threat of the defendant to kill her if she did not submit.

6. **Criminal Law § 42; Rape § 4— rape case — victim's clothing — admissibility**

   Articles of clothing worn by the victim in a rape case were admissible in evidence as they were relevant to the question of defendant's use of force to overcome the resistance of the victim of the assault.

7. **Rape § 5— sufficiency of evidence**

   Evidence in a rape case was sufficient to withstand defendant's motion for nonsuit where it tended to show sexual penetration of the prosecuting witness by the defendant by force and without the consent of the prosecuting witness and where it tended to show that the victim resisted and such limitation upon her resistance as there may have been was due to her fear for her life as the result of the defendant's choking her and threatening to kill her.

APPEAL by defendant from *Bailey, J.,* at the 18 September 1972 Session of DURHAM.

Upon an indictment, proper in form, the defendant was tried on the charge of rape, the date of the offense being 18 June 1972. He was found guilty and was sentenced to imprisonment for life. The following is a summary of the evidence for the State, the defendant offering no evidence:

At approximately 7 a.m. on 18 June 1972, two Duke University campus security officers were patrolling the East Campus of the university on foot. Near the library they observed the defendant, a Negro male, on the ground and in the act of sexual intercourse with a white female, the prosecuting witness. The officers approached to within three or four feet before the defendant observed them, desisted and stood up. The officers observed the penetration of the prosecuting witness by the defendant and observed nothing in her actions indicating that this was with her consent. She told the officers that the defendant had seized her, pushed her to the ground and threatened to kill her if she did not submit to his wishes. Her white nurse's uniform was soiled and disarranged and a button, missing from it, was found at the scene. She appeared to the officers to be "in

a daze." She told the officers that the defendant had raped her and she wanted to press charges against him. The officers arrested the defendant and both, in the courtroom, identified him as the man they had so observed and arrested.

The prosecuting witness testified that at the time of this occurrence she was 19 years of age, a sophomore at Duke University, and working, during the summer, as a nurse's aide at the nearby Hillcrest Nursing Home on the night shift. On the morning in question, she left the nursing home at 6:30 a.m. and was walking through the university campus to her residence. The defendant, whom she identified in the court-room but whom she had never seen or heard of before this occurrence, approached her, said, "Good night," and then grabbed her and knocked her down, stating in vulgar terms that he wanted to have intercourse with her and if she did not do what he wanted he would kill her. She resisted by repeatedly trying to push him away. Each time she did so, he placed his hands around her throat and choked her. As he did so, he said that it did not matter whether he killed her or not because he had already tried to rape another woman that night who was "going to tell on him." She identified the clothing she was wearing when this occurred and some, or all, of the articles were introduced in evidence. The defendant had intercourse with her without her consent, actually penetrating her. She did not cry out or scream because there was no one in the vicinity and she thought that if she screamed it would increase her danger.

*Attorney General Morgan and Assistant Attorney General Wood for the State.*

*Jerry B. Clayton for defendant.*

LAKE, Justice.

[1] The defendant's statement of his case on appeal includes seven assignments of error. Assignments 1 and 7 are not brought forward into his brief and no argument or citation of authorities was made in support of either. These assignments are, therefore, deemed abandoned. Rule 28, Rules of Practice in the Supreme Court of North Carolina; *State v. Boyd,* 278 N.C. 682, 180 S.E. 2d 794; *State v. Greene,* 278 N.C. 649, 180 S.E. 2d 789; *State v. Dawson,* 278 N.C. 351, 180 S.E. 2d 140; *State v. Benton,* 276 N.C. 641, 174 S.E. 2d 793.

[2, 3] In any event, these two assignments have no merit. Assignment No. 1 was that the trial court denied the defendant's motion, prior to the commencement of trial, to sequester the witnesses. This motion is directed to the discretion of the trial court and his ruling thereon is not reviewable on appeal except in cases of abuse of discretion, of which there is no indication in the present record. *State v. Cook,* 280 N.C. 642, 187 S.E. 2d 104; *State v. Manuel,* 64 N.C. 601; Stansbury, North Carolina Evidence, 2d Ed., § 20. Assignment No. 7 is directed to the statement by the trial judge, at the time of imposing sentence, which, of course, was after the verdict was rendered and accepted, that he "with a great deal of pleasure" sentenced the defendant to imprisonment for life. While this remark was unwise, it is not ground for a new trial and the defendant was well advised to abandon this assignment of error. The question for the appellate court, upon an appeal from a judgment sentencing a defendant to prison, is not whether the trial judge approves or disapproves of the law declaring certain conduct a criminal offense and prescribing the punishment therefor, but whether he has followed it and correctly applied it and other applicable rules of law in the trial of the defendant.

[4] Assignment of Error No. 2 is directed to the court's sustaining an objection by the State to the defendant's question to the arresting officer on cross-examination, "Did you explain to her [the prosecuting witness] what could happen to her if she did not press charges?" The record does not show what the answer of the witness would have been had he been permitted to answer. We have repeatedly held that the sustaining of an objection to a question directed to a witness will not be held prejudicial when the record does not show what the answer would have been had the objection not been sustained. *State v. Kirby,* 276 N.C. 123, 133, 171 S.E. 2d 416, and cases there cited.

[5] The defendant's Assignment of Error No. 3 is to the overruling of the defendant's objection to the testimony of the prosecuting witness concerning the statement by the defendant to her, while he was in the process of overcoming her resistance, to the effect that it did not matter if he killed her since he had tried to rape another woman that night and she was going to tell on him. It is well settled in this State that in the trial of a defendant upon a criminal charge, he not having testified as a witness, evidence that he has committed another distinct, independent, separate offense is not admissible when such evi-

dence has no relevancy to the matter on trial other than to show the bad character of the defendant or his disposition to commit an offense of the nature of the one for which he is presently on trial. *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364; Stansbury, North Carolina Evidence, 2d Ed., § 91. If, however, the evidence in question tends to prove any fact relevant to the charge on which the defendant is presently on trial, it is not inadmissible merely because it also shows him to have been guilty of another, independent crime. *State v. McClain, supra,* at page 177; Stansbury, North Carolina Evidence, 2d Ed., § 92. As was said by Chief Justice Stacy, speaking for the Court in *State v. Fowler,* 230 N.C. 470, 53 S.E. 2d 853, "The touchstone is logical relevancy as distinguished from certain distraction." The evidence here in question was clearly relevant on the material question of whether the prosecuting witness' will to resist was overcome by fear due to the threat of the defendant to kill her if she did not submit. In this ruling of the trial court there was no error.

[6] The defendant's Assignment of Error No. 4 is to the admission in evidence over his objection of Exhibits 3, 4, 5 and 6 introduced by the State. The record shows that Exhibits 5 and 6 were articles of clothing worn by the prosecuting witness at the time of the occurrence. Exhibits 3 and 4 are not described in the record but it appears likely that they also were articles of clothing worn by her at that time. Torn and soiled clothing of the victim, such as Exhibits 5 and 6, are clearly admissible in evidence in a case of this nature, being relevant to the question of the use of force to overcome the resistance of the victim of the assault. "So far as the North Carolina decisions go, any object which has a relevant connection with the case is admissible in evidence, in both civil and criminal trials. * * * In cases of homicide or other crimes against the person, clothing worn by the defendant or by the victim is admissible if its appearance throws any light on the circumstances of the crime * * * . " Stansbury, North Carolina Evidence, 2d Ed., § 118; *State v. Rogers,* 275 N.C. 411, 430, 168 S.E. 2d 345; *State v. Atkinson,* 275 N.C. 288, 310, 167 S.E. 2d 241; *State v. Speller,* 230 N.C. 345, 53 S.E. 2d 294; *State v. Petry,* 226 N.C. 78, 36 S.E. 2d 653.

[7] The defendant's Assignments of Error 5 and 6 are to the denial of his motion for judgment of nonsuit and to the denial of his motion to set aside the verdict as being contrary to the

greater weight of the evidence. In support of each of these assignments of error, it is the defendant's contention that the evidence for the State was not sufficient to establish the use of force by the defendant and the absence of consent by the prosecuting witness. It is perfectly apparent that the evidence for the State shows sexual penetration of the prosecuting witness by the defendant and is ample to support the finding that this was by force and without the consent of the prosecuting witness. The evidence is sufficient to support a finding that she resisted and that such limitation upon her resistance as there may have been was due to her fear for her life as the result of the defendant's choking her and threatening to kill her. Thus, the evidence is ample to support a finding of each element of the crime of rape. *State v. Flippin,* 280 N.C. 682, 186 S.E. 2d 917; *State v. Primes,* 275 N.C. 61, 165 S.E. 2d 225; *State v. Carter,* 265 N.C. 626, 144 S.E. 2d 826. It is elementary that upon a motion for judgment of nonsuit in a criminal action the Court must consider the evidence offered by the State as true and give the State the benefit of every reasonable inference to be drawn therefrom. *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469. The credibility of the evidence and its sufficiency to remove any reasonable doubt of guilt are for the consideration of the jury. *State v. Jenerett,* 281 N.C. 81, 187 S.E. 2d 735; *State v. Vestal,* 278 N.C. 561, 567, 180 S.E. 2d 755; *State v. Primes, supra.* The evidence in the record before us is ample to sustain the verdict.

No error.