STATE OF NORTH CAROLINA v. DELDON LEACH STRIDER

No. 7319SC216

(Filed 12 December 1973)

1. Criminal Law § 88— cross-examination

In a prosecution for drunken driving, the trial court did not limit the scope of cross-examination of the State's witnesses in such way as to preclude the presentation of a proper defense.

2. Criminal Law § 169— failure of record to show excluded testimony

The sustaining of an objection to a question directed to a witness, whether on direct or cross-examination, will not be held prejudicial when the record does not show what the answer would have been had the objection not been sustained.

3. Automobiles § 129; Criminal Law § 99— drunken driving — statutory consent to breathalyzer — comment by court during evidence

In this prosecution for drunken driving, the trial court did not assume defendant's guilt when, during redirect examination of the arresting officer, the court stated that "the statute provides that everyone who operates a motor vehicle on the highways of this State consents to take a breathalyzer test when driving under the influence"; nor did the court err in failing to expound on other portions of the statute dealing with the consequences of refusal to take the test since defendant did not refuse.

4. Automobiles § 129— drunken driving — breathalyzer results — instructions

In this prosecution for drunken driving, the court's inadvertence in referring to the evidence as showing ".17 percent or more" by

weight of alcohol in defendant's blood could not have misled the jury where it was corrected in a subsequent portion of the charge, and the court adequately instructed the jury on the presumption created by G.S. 20-139.1(a)(1).

APPEAL by defendant from *McConnell, Judge,* 23 October 1972 Session of Superior Court held in MONTGOMERY County.

Defendant was charged in a warrant with operating a motor vehicle on a public highway while under the influence of intoxicating liquor. After trial and conviction in the District Court he appealed to the Superior Court, where he again pled not guilty. The State presented the testimony of the arresting highway patrol officer, who testified in substance to the following: At about 2 o'clock p.m. on 21 May 1972 he saw defendant driving a pickup truck on U.S. Highway 27. Defendant's truck was in a line of traffic going east and the patrolman was in a line of traffic going west. Defendant pulled out and passed in face of oncoming traffic and forced the vehicle in front of the patrolman off on the shoulder of the road. The patrolman turned around and pursued defendant's truck. While the patrolman was overtaking him, the defendant "crossed the white line three or four times" and also "operated crooked in his own lane." When stopped, defendant had a strong odor of alcohol on his breath, his eyes were red and his face flushed. he was "very staggery," weaved rather badly on the balance test, had some trouble with the finger to nose test, and staggered badly during the walking test. From the patrolman's observation of defendant's driving and from his personal observation of defendant, the patrolman was of the opinion that defendant was highly intoxicated at the time he was operating his vehicle. On cross-examination, the arresting officer testified that when stopped, the defendant had no trouble parking his truck, there was nothing unusual about the way and manner in which he stopped and parked, he got out of the truck without help, "seemed to be very cool and calm," and gave the patrolman his license when asked for it. This witness also testified on cross-examination that he was acquainted with the defendant and "[i]t is true his eyes are red at all times."

Defendant was given a breathalyzer test which resulted in a reading of .17. The officer who administered the test testified that from his personal observation of defendant and independently of the results of the breathalyzer test, he was of the opinion that defendant was highly intoxicated.

Defendant did not introduce evidence. The jury found him guilty, and from judgment entered on the verdict imposing a six months active prison sentence, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Edward L. Eatman, Jr., for the State.*

*Charles H. Dorsett for defendant appellant.*

PARKER, Judge.

[1, 2]   Appellant first contends that the trial court limited the scope of cross-examination of the State's witnesses in such a way as to preclude the presentation of a proper defense. The record however, does not support this contention. On the contrary, the record shows that defendant's counsel was permitted to cross-examine the two witnesses for the State as fully and effectively as the nature of the case permitted. Indeed, the only two instances referred to in appellant's brief to support his first contention are the following: During cross-examination of the arresting officer, defendant's counsel asked, with reference to the walking test, "Isn't it true that a lot of people have a problem with this?" and during cross-examination of the breathalyzer operator, defendant's counsel asked, "You disagree with me that 0.17 percent alcohol presumes to indicate that the defendant's blood was 17 parts by weight of alcohol in every 10,000 part (sic) of blood?" The court sustained the solicitor's objections to each of these questions. Without passing on the correctness of these rulings, it is clear that on this record no prejudicial error has been made to appear. The record does not show what the answers of the witnesses would have been had the solicitor's objections not been sustained, and it is well established that the sustaining of an objection directed to a witness, whether on direct or cross-examination, will not be held prejudicial when the record does not show what the answer would have been had the objection not been sustained. *State v. Felton,* 283 N.C. 368, 196 S.E. 2d 239; *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416; *State v. Poolos,* 241 N.C. 382, 85 S.E. 2d 342. Appellant's contention that his counsel's cross-examination was unduly limited is without merit and the assignments of error relating thereto are overruled.

[3]   Appellant's second assignment of error is directed to a statement made by the trial judge. The record shows that at some time while the arresting officer was testifying on redirect ex-

amination, the judge made the statement that "[t]he statute provides that everyone who operates a motor vehicle on the highways of this State consents to take a breathalyzer test when driving under the influence." What may have prompted the making of this statement cannot be ascertained from the record before us. None of the questions asked or the testimony given by the witness on re-direct examination is included, and the context in which the court's statement was made cannot be known. Appellant complains that the statement is incomplete in that the judge did not explain that the statute also provides that no test shall be given to a motor vehicle operator who refuses to take the test, but that the refusal will bring a mandatory revocation of his license, and appellant contends that this "therefore left the jury with an insufficient understanding of the statute." Even so, appellant has failed to show how he was prejudiced. In this case he did not refuse to take the test, and the portions of the statute which were omitted from the judge's statement did not come into play. Nor do we agree with appellant's contention that the judge's statement "assumed the guilt of the defendant and severely prejudiced him in the eyes of the jury." While the statement as it appears in this record is neither a complete exposition of the statute nor couched in the most felicitous words, we fail to see how the jury could have been given any impression that the judge was assuming the guilt of the defendant. No prejudicial error having been made to appear, we find appellant's second assignment of error without merit.

[4] By assignment of error number 7 appellant brings forward a number of exceptions to the court's charge to the jury. These we also find to be without merit. The court's definition of "reasonable doubt" was in substantial accord with definitions approved by our Supreme Court. The court correctly explained the portion of our statute, G.S. 20-16.2, relating to the consent deemed given by the operator of a motor vehicle upon the highway to take a breathalyzer test in connection with a charge of driving while under the influence of intoxicating liquor, and, as above noted, there was no occasion for the court to expound on other portions of the statute dealing with the consequences of a refusal to take the test, since in this case the defendant did not refuse. The court's inadvertence in referring to the evidence as showing ".17 percent or more" by weight of alcohol in defendant's blood was adequately corrected in a subsequent portion of the charge and could not have misled the jury. The

court's instruction concerning the effect to be given to the statutory presumption created by G.S. 20-139.1(a) (1) was in substantial compliance with the holding in *State v. Cooke,* 270 N.C. 644, 155 S.E. 2d 165; while it might have been preferable to have used the words "permissive inference" in describing the presumption, the court did expressly instruct that the statutory presumption did not shift the burden to the defendant but was to be considered by the jury along with all other evidence in arriving at their verdict. When the charge is considered contextually and as a whole, we find it to be free from prejudicial error.

We have considered all assignments of error which are brought forward in appellant's brief, and in the trial and in the judgment appealed from we find

No error.

Judges CAMPBELL and HEDRICK concur.