STATE OF NORTH CAROLINA v. CLARENCE FRIDAY AND LEROY DAVIS

No. 7426SC219

(Filed 20 March 1974)

1. Criminal Law § 98— motion to sequester prosecuting witnesses

In a trial of each of two defendants upon two counts of common law robbery, the trial court did not abuse its discretion in the denial of defendants' motions to sequester the prosecuting witnesses.

2. Criminal Law § 91— motion to delay trial

The trial court in a robbery case did not abuse its discretion in the denial of defendants' motions made during the trial that the proceedings be delayed in order for defendants to obtain certain evidence where the court delayed the proceedings for some 40 minutes and then insisted that the trial proceed.

APPEAL by defendants from *Friday, Judge,* 6 August 1973 Schedule "B" Criminal Session, MECKLENBURG Superior Court.

Each defendant was charged in separate bills of indictment with two counts of common law robbery. They pleaded not guilty and a jury found them guilty as charged. In one case against each defendant, the court entered judgment imposing prison sentence of not less than five nor more than seven years as a committed youthful offender and continued prayer for judgment for five years in the other cases. Defendants appealed.

*Attorney General Robert Morgan, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Levine & Goodman, by William F. Burns, Jr., for defendant appellants.*

BRITT, Judge.

[1] Defendants assign as error the failure of the court to grant their motions to sequester the prosecuting witnesses. The assignment has no merit. It is clear that a motion to sequester witnesses is directed to the discretion of the trial court and its ruling thereon will not be disturbed absent a showing of abuse of discretion. *State v. Felton,* 283 N.C. 368, 196 S.E. 2d 239 (1973) ; *State v. Cook,* 280 N.C. 642, 187 S.E. 2d 104 (1972). There is no showing of abuse of discretion.

[2] Defendants also assign as error the denial of their motions during the trial of the cases that the proceedings be delayed in

order for defendants to obtain certain evidence and present it at the trial. This assignment has no merit. The record reveals that the court delayed the proceedings for some forty minutes but then insisted that the trial proceed. A motion for continuance or delay of a trial is directed to the discretion of the trial court and its ruling thereon is not reviewable on appeal except for abuse of discretion. *State v. Shue,* 16 N.C. App. 696, 193 S.E. 2d 481 (1972). No abuse of discretion is made to appear here.

Defendants received a fair trial, free from prejudicial error.

No error.

Judges PARKER and VAUGHN concur.