JIMMY R. ANDREWS v. BUILDERS AND FINANCE, INCORPORATED, A NORTH CAROLINA CORPORATION

No. 743SC193

(Filed 20 November 1974)

1. Witnesses § 5— evidence competent for corroboration

In an action by counterclaim to recover the balance allegedly due on the purchase of a house, the trial court properly overruled defendant's general objection to plaintiff's testimony as to statements he had made to a loan officer concerning the price he had agreed to

pay defendant for the house since the testimony was admissible to corroborate plaintiff's trial testimony as to the agreed contract price.

2. Contracts § 26— purchase price of house — evidence of resale price

In an action to recover the balance allegedly due on the purchase of a house, the price for which the buyer resold the house some two years after the transaction in question was not relevant to prove any fact in issue.

3. Accord and Satisfaction § 1; Contracts § 27— purchase price of house — sufficiency of evidence to support judgment — no accord and satisfaction

In an action by counterclaim to recover the balance allegedly due on the purchase price of a house built by defendant for plaintiff on a cost plus basis, the evidence, although conflicting, was sufficient to support the court's finding that the parties had agreed on a final purchase price of $35,570, such finding supported judgment for plaintiff buyer, and the court's reference in its conclusions to an "accord and satisfaction" when defendant accepted $28,000 plus a note for $7,570 as the final purchase price will be treated as surplusage.

APPEAL by defendant from *Winner, Judge,* September 1973 Civil Session of Superior Court held in CRAVEN County.

Civil action to recover $5,553.00 which plaintiff alleged was balance due him as real estate agent's commissions for sales effected by plaintiff for defendant under an agreement between the parties. Defendant denied the obligation and filed a counterclaim seeking recovery of $4,496.83 which defendant alleged was the balance of purchase price due it by plaintiff on account of a dwelling house and lot which defendant had sold to plaintiff. The parties waived jury trial, and after hearing evidence presented by both parties, the court entered judgment making findings of fact, conclusions of law, and adjudging as follows:

"1. That the plaintiff was employed by the defendant sometime in 1971 as a salesman of the defendant's real estate; that the terms of the employment were that he would receive 3% of the amount of real estate sold by him as compensation for his services.

"2. That sometime in 1971 the defendant agreed to build and sell to the plaintiff a home; that the plaintiff agreed to pay to the defendant its cost plus 5% as compenation.

"3. That on September 10, 1971 the defendant executed a deed to the plaintiff for the house and property

hereinbefore mentioned; that at that time the plaintiff and defendant agreed that the final purchase price for the house and property was $35,570.00; that at that time plaintiff paid $28,000.00 which he had secured by borrowing the said sum from a financial institution and gave to the defendant a note for $7,570.00 and a deed of trust on the property securing the said note, which the defendant accepted as payment; that a copy of the note is attached to this judgment as Exhibit 'A' and is by reference made a part of the findings of fact.

"4. That in his capacity as real estate salesman for the defendant, plaintiff sold six pieces of property; that the defendant paid some of the commissions to him in cash but that the sum amount of $4,696.00 is still owed to him by the defendant on the commissions due him.

"5. That the last sale which the plaintiff made for the defendant was consummated on January 22, 1972.

"From the foregoing findings of fact the court concluded as a matter of law

"1. That the acceptance by the defendant of the $28,000.00 plus the note for $7,570.00 on September 10, 1971 as the final purchase price was an accord and satisfaction of the purchase described hereinabove;

"2. That the plaintiff owes nothing to the defendant on the said contract because of the said accord and satisfaction;

"3. That the plaintiff is entitled to recover the unpaid commissions due him, i.e. $4,696.00 plus interest from January 22, 1972.

"From the foregoing findings of fact and conclusions of law it is, therefore ordered and decreed that the plaintiff recover of the defendant the sum of $4,696.00 plus interest from January 22, 1972; that the defendant pay the costs of the action; and that the defendant's counterclaim is dismissed."

From this judgment defendant appealed.

*Ward, Tucker, Ward & Smith, P.A., by Michael P. Flanagan for plaintiff appellee.*

*Dunn & Dunn by Raymond E. Dunn for defendant appellant.*

PARKER, Judge.

[1] Over defendant's general objections, plaintiff was permitted to testify during his examination in chief to statements he had made to the lending officer of the Savings and Loan Association when he applied for the $28,000.00 loan, proceeds of which were used in purchasing the house and lot from defendant, concerning the contract price for the property. Plaintiff testified that he made these statements some forty-five to sixty days prior to closing the loan and that he had told the lending officer that he was paying $35,500.00 for the property. Also over defendant's general objection, plaintiff was permitted to introduce a copy of the loan application which he testified he had filled out and which showed the contract price for the house and lot. Defendant now contends the admission of this testimony was error in that it "constituted self-serving declarations and was prejudicial to the defendant."

That a prior out-of-court statement of a witness may have been "self-serving" does not describe an independent ground of objection. "If the statement is hearsay, and is not admissible under some specific rule, it is subject to exclusion regardless of whether it is self-serving, neutral, or self-disserving." 1 Stansbury's N. C. Evidence, § 140, p. 466 (Brandis Revision, 1973). Here, the prior statements which the witness testified he had made to the lending officer were hearsay in the sense that at the time the statements were made the witness was not under oath or then subject to cross-examination, though at the time he testified concerning them both of these conditions prevailed. However, "[w]hether former assertions of the witness himself, related by him in his testimony, are hearsay is of no particular consequence in North Carolina, in view of their free admissibility for purposes of corroboration." 1 Stansbury's N. C. Evidence, § 138, p. 459, n. 2 (Brandis Revision, 1973).

In the present case the evidence concerning plaintiff's statements to the lending officer as to the price he had agreed to pay defendant for the property clearly had no relevance to prove that defendant also agreed to that price, and the evidence would have been incompetent if offered for that purpose. It was, nevertheless, admissible for the purpose of corroborating plaintiff's testimony concerning his own understanding of the agreed contract price, and for that limited purpose of strengthening his credibility "[t]he witness himself may testify to the making of the statements, and he may do this even in the course of his

examination in chief if his relationship to the case is such as to justify an inference of bias or otherwise reflect upon his credibility." 1 Stansbury's N. C. Evidence, § 51, p. 148 (Brandis Revision, 1973). Since the evidence was admissible, though for a limited purpose, defendant's general objections were properly overruled.

[2]  On cross-examination plaintiff testified that shortly before the trial he had sold the house which he had purchased from defendant. When defendant's counsel asked plaintiff how much he had sold the house for, the court sustained objection interposed by plaintiff's counsel. Defendant now assigns this ruling as error, contending that his counsel's cross-examination of plaintiff was thereby unduly limited. We find this assignment without merit, first, because the price for which plaintiff sold the house almost two years after he purchased it from defendant had no relevance to prove any fact at issue in this litigation, and, second, because what the witness's answer would have been, had he been required to answer, does not appear in the record. It is well established that the sustaining of an objection to a question directed to a witness, whether on direct or cross-examination, will not be held prejudicial when the record does not show what the answer would have been had the objection not been sustained. *State v. Felton,* 283 N.C. 368, 196 S.E. 2d 239 (1973); *State v. Poolos,* 241 N.C. 382, 85 S.E. 2d 342 (1955).

Defendant excepted to the court's finding of fact No. 3 in which the court found as a fact that on 10 September 1971, when defendant executed deed to the plaintiff, "the plaintiff and defendant agreed that the final purchase price for the house and property was $35,570.00." Although the evidence on this point was in sharp conflict, the court's finding of fact is supported by competent evidence in the record. Therefore, the trial court's findings of fact are conclusive upon this appeal. 1 Strong, N. C. Index 2d, Appeal and Error, § 57, p. 223. Accordingly, defendant's assignment of error based on its exception to finding of fact No. 3 is overruled. Defendant made no exception to any other finding of fact made by the trial judge.

[3]  Defendant duly excepted and now assigns error to the court's first conclusion of law, in which the court concluded "[t]hat the acceptance by the defendant of the $28,000.00 plus the note for $7,570.00 on September 10, 1971 as the final purchase price was an accord and satisfaction of the purchase

Andrews v. Builders and Finance, Inc.

described hereinabove." In support of this assignment defendant points out that plaintiff did not affirmatively plead an accord and satisfaction, as is required by G.S. 1A-1, Rule 8(c). Additionally, defendant contends that the requisites for an accord and satisfaction have not been shown in the present case in that the parties, having agreed on a price computed as defendant's cost plus 5% and defendant's evidence showing that this produced a figure of $44,862.17, the payments totaling $35,570.00 made at the time of closing the sale were but a partial payment on an undisputed claim and hence did not constitute a binding accord and satisfaction because not supported by consideration. We point out, however, that although defendant's evidence did show a cost plus 5% figure of $44,862.17, plaintiff's evidence would support a contrary finding. Plaintiff testified that in preparation for closing the purchase of the property he approached Mr. Lee, the President of defendant corporation, and "asked him what was the final price and he said $35,500.00." There was also uncontradicted evidence that defendant closed the sale and delivered deed conveying the property to plaintiff upon receipt by defendant of payments, consisting of cash and a second mortgage purchase money note, totaling $35,570.00. The note bore the notation on its face that it was "given for balance of purchase price." Thus, this was not a case, as defendant contends, of an undisputed claim based on a contract under which both parties clearly agreed that the purchase price was to be $44,862.17. There was at least evidence from which the court could find, as it did find, that the parties "agreed that the final purchase price for the house and property was $35,570.00." This finding of fact was in itself sufficient to support the judgment, and the court's reference in its conclusions of law to an "accord and satisfaction" may be treated as surplusage. It may be that the trial court, in referring to an "accord and satisfaction" in its conclusions of law, was thinking in terms of the defendant seller accepting a second mortgage note for a portion of the purchase price rather than requiring that the entire purchase price be paid by cash. If so, any question as to whether such a conclusion was, or was not, correct is now moot, since we note that all of the evidence shows that the $7,570.00 purchase money note was paid in full prior to the trial of this case.

The court's findings of fact being supported by competent evidence and those findings in turn supporting the judgment rendered, the judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge BALEY concur.