State v. Anderson

STATE OF NORTH CAROLINA v. DONALD RAY ANDERSON

No. 768SC422

(Filed 6 October 1976)

1. Criminal Law § 98— sequestration of witnesses — discretion of court

A motion to sequester witnesses is addressed to the sound discretion of the trial judge and his ruling thereon is not reviewable except for abuse of discretion.

2. Criminal Law § 75— in-custody statements — shoes worn by defendant — admissibility of testimony — conflicts in voir dire testimony

The trial court did not err in the denial of defendant's motion to suppress the testimony of two police officers with respect to tennis shoes worn by defendant and certain statements allegedly made by him where the court's findings as to the admissibility of such testimony were supported by evidence presented on voir dire, notwithstanding there were conflicts in the voir dire testimony.

3. Criminal Law § 112— when jury should acquit — erroneous instruction — harmless error

The trial court's instruction that the jury should acquit defendant of second degree murder "if the State has satisfied you beyond

a reasonable doubt, or if you have a reasonable doubt as to each and all of those elements which I have just outlined" constituted harmless error where, immediately before and after such instruction, the court correctly instructed on the burden of proof and when the jury should acquit.

APPEAL by defendant from *Peel, Judge.* Judgment entered 16 December 1975 in Superior Court, WAYNE County. Heard in the Court of Appeals 23 September 1976.

Upon a plea of not guilty defendant was tried on a bill of indictment charging him with the murder of John Daniluk on 26 May 1975. The State sought a verdict of guilty of murder in the second degree and presented evidence summarized in pertinent part as follows:

On the night in question, a car driven by Bill Davis and in which Daniluk was a passenger, both of whom were white males, was parked on a street in Mount Olive near a poolroom where numerous black youths congregated. Defendant, who is black, was in the backseat of the car and called a friend over to the car, telling him that the white boys were going to give them some drugs. Davis drove the car to a streetlight at which time a crowd of blacks walked up to the car.

Daniluk told defendant they had no drugs and defendant began arguing with him. A friend of defendant told Davis to get out of the car; Davis did so and began running, outrunning two of the group that ran after him. Davis ran to the police station and reported the incident, naming defendant as one of the persons involved.

Meanwhile, defendant and Daniluk, who was about drunk, got out of the car and defendant began hitting Daniluk, evidently because he had spilled something on defendant. One of the men that had chased Davis, Cecil Teachery, returned to the car and struck Daniluk once. Daniluk fell to the ground and defendant began "stomping" on him. Someone in the group tried to get defendant off of Daniluk but was unsuccessful. Five witnesses identified defendant as the one who was "stomping" Daniluk.

As police approached the scene the group, including defendant, left and went to the poolroom. Thereafter, defendant, who was wearing a green shirt, went home, changed shirts and returned to the poolroom. Police found Daniluk lying on the

ground with his head in a pool of blood and observed the print of a tennis shoe on his back. Daniluk was carried to a hospital where he died several weeks later as the result of head and other injuries received in the altercation.

At their request defendant went with the officers to the police station. They observed that defendant was wearing tennis shoes, that there was blood on one of the soles and that the print on one of the soles matched the shoe print found on Daniluk's back.

Defendant offered testimony tending to show that while he was in the area at the time Daniluk was beaten, and had ridden in the car with Daniluk and Davis, he took no part in the beating.

The jury returned a verdict finding defendant guilty of murder in the second degree and from judgment imposing a prison sentence of not less than 50 nor more than 60 years, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General John M. Silverstein and Associate Attorney Noel Lee Allen, for the State.*

*Strickland & Rouse, by Robert E. Fuller, Jr., for defendant appellant.*

BRITT, Judge.

[1]   Defendant assigns as error the failure of the trial court to grant his motion to sequester the State's witnesses. We find no merit in this assignment. It is well settled that a motion to sequester witnesses is addressed to the sound discretion of the trial judge and his ruling is not reviewable except for abuse of discretion. *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897 (1970), *cert. denied,* 403 U.S. 940, 29 L.Ed. 2d 719, 91 S.Ct. 2258 (1971) ; *State v. Friday,* 21 N.C. App. 154, 203 S.E. 2d 670 (1974). We perceive no abuse of discretion.

[2]   Defendant assigns as error the denial of his motion to suppress the testimony of two police officers with respect to the tennis shoes worn by defendant and certain statements allegedly made by him. We find no merit in this assignment.

The record discloses that the trial judge conducted a lengthy voir dire hearing relating to the admissibility of the evidence

proposed to be given by the police. Following the hearing His Honor made extensive findings of fact and conclusions of law and ordered that the evidence be admitted. The main thrust of defendant's argument is that there were conflicts in the testimony, even between the testimony of the two officers, therefore, the findings of fact and conclusions of law were not supported by the evidence.

A careful review of the evidence presented at the voir dire reveals that while there were conflicts in the evidence every finding of fact is supported by competent testimony by one witness or another. It is clear that the responsibility of resolving conflicts in the evidence presented at a voir dire vests in the presiding judge; he hears the evidence and observes the demeanor of the witnesses, therefore, he is the appropriate one to resolve the question. *State v. Barber,* 268 N.C. 509, 151 S.E. 2d 51 (1966). His findings as to the voluntariness of any statements made by the defendant, and any other facts which determine whether the evidence meets the requirements for admissibility, are conclusive if they are supported by competent evidence in the record. *State v. Fox,* 277 N.C. 1, 175 S.E. 2d 561 (1970).

We hold that the trial court did not err in denying defendant's motion to suppress the testimony.

Finally, defendant assigns as error a portion of the trial court's charge to the jury. We find no merit in this assignment.

[3]  Toward the end of the charge, as the court was giving its mandate with respect to second-degree murder, the record discloses:

"And so, members of the jury, first as to the charge of second-degree murder: I charge you, members of the jury, that if the State has satisfied you from the evidence and beyond a reasonable doubt, the burden being on the State to so satisfy you, that on or about May 25, 1975, at 11:30 p.m., Donald Ray Anderson intentionally, unlawfully and willfully, that is without just cause or excuse, assaulted John Daniluk by knocking him to the ground and by stomping him while he was on the ground and that although he was a much heavier man than John Daniluk, did kick and stomp him about the head and body while Daniluk was lying helpless on the ground with the intent to inflict death

or serious bodily injury on John Daniluk, and that his actions caused serious injuries to the head and brain of John Daniluk that proximately caused his death on June 30, 1975, and, members of the jury, if the State has further satisfied you beyond a reasonable doubt that the defendant's actions on that occasion were done out of ill will and malice which the defendant Mr. Anderson harbored against John Daniluk, then it would be your duty to return a verdict of second-degree murder. (B) By that I mean if the State has satisfied you beyond a reasonable doubt, or if you have a reasonable doubt as to each and all of those elements which I have just outlined and heretofore explained to you, it is your duty to return a verdict of guilty of second-degree murder. (B).

DEFENDANT'S EXCEPTION # 80.

If the State has failed to satisfy you beyond a reasonable doubt, or if you have a reasonable doubt as to any one of those elements, it is your duty to acquit the defendant of the charge of second-degree murder."

Defendant contends that the instruction between (B) and (B) was erroneous. While we agree that the challenged instruction was erroneous, we hold that the error was harmless. Our Supreme Court has held in many cases that the trial court's charge to the jury will be construed contextually and segregated portions will not be held prejudicial error when the charge as a whole is free from objection. 3 Strong, N. C. Index 2d, Criminal Law § 168, and cases therein cited.

In the case at hand the instructions immediately preceding and succeeding the challenged instruction were proper in every respect and we cannot believe that the jury was misled by His Honor's brief misstatement. A *lapsus linguae* in the instructions not called to the attention of the court at the time will not be held prejudicial error when it is apparent from the record that the jury could not have been misled thereby. *State v. Gray*, 268 N.C. 69, 150 S.E. 2d 1 (1966), *cert. denied*, 386 U.S. 911, 17 L.Ed. 2d 784, 87 S.Ct. 860 (1967).

After a thorough review of the entire record, we conclude that defendant received a fair trial free from prejudicial error.

No error.

Judges PARKER and CLARK concur.